## No. 27649

## The People of the State of Colorado v. Gary Lee Erickson

(574 P.2d 504)

Decided February 6, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Nolan L. Brown, District Attorney, Robert D. Kelly, Deputy, for plaintiff-appellant.

Thomas C. Levi, James S. Kimmel, for defendant-appellee.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

This appeal challenges the trial court's dismissal of the case because of lack of speedy prosecution. We reverse and remand with directions.

The appellee was charged with aggravated robbery[1] and violent crime.[2] He was arraigned on October 25, 1976, at which time he entered a plea of not guilty and the case was set for jury trial on February 24, 1977. On February 14, 1977, because of a conflict in the court's schedule, the matter was continued to March 29, 1977. The trial court on its own motion declared a mistrial on March 29 because it felt that the jury panel might not be able to render a fair verdict. A second trial was scheduled to begin April 12. After two days of the retrial, the appellee's motion for a second mistrial was granted on April 14, and trial was again rescheduled, this time to April 25. On that date, the trial court granted the appellee's motion to dismiss, holding that speedy trial requirements had not been met. We do not agree.

■ The applicable speedy trial provision, Crim. P. 48(b)(1), provides in pertinent part as follows:

"Except as otherwise provided in this Rule, if a defendant is not brought to trial on the issues raised by the complaint, information, or indictment within six months from the entry of a plea of not guilty, he shall be discharged from custody if he has not been admitted to bail, the pending charges shall be dismissed, whether he is in custody or on bail, and the defendant shall not again be indicted, informed against, or committed for the same offense, or for another offense based upon the same act or series of acts arising out of the same criminal episode.

---

[1]Section 18-4-302, C.R.S. 1973.
[2]Section 16-11-309, C.R.S. 1973 (1976 Supp.).

\* \* \* \*

"(6) In computing the time within which a defendant shall be brought to trial as provided in subsection (b)(1) of this Rule, the following periods of time shall be excluded:

\* \* \* \*

"(V) The period of delay caused by any mistrial, not to exceed three months for each mistrial. . . ."[3]

This provision clearly governs the issue before us. Although the appellee was not brought to trial within six months after entry of his not-guilty plea — i.e., by April 25, 1977 — a fourteen-day delay was caused by the first mistrial, and an additional thirteen-day delay was caused by the second mistrial.[4] In addition, the final day of the six-month period, April 25, must also be excluded, since the appellee's own successful motion to dismiss prevented him from being brought to trial on that date. Crim. P. 48(b) (1) (VI). *See also Simakis v. District Court,* 194 Colo. 436, 577 P.2d 3. Thus, at the time the trial court dismissed the case, twenty-eight days remained in the six-month period in which the appellee could still be brought to trial.

The appellee challenges this conclusion on several grounds. He first contends that the initial mistrial declared by the trial court was not in fact a mistrial for purposes of the speedy trial statute, because the jury had not yet been selected and sworn and therefore jeopardy had not yet attached. We decline to adopt such a narrow definition of "mistrial." A trial court has broad discretion to declare a mistrial at any point during trial when it appears that, because of irregularities in the proceeding, either party will not receive a fair trial. *Maes v. District Court,* 180 Colo. 169, 503 P.2d 621 (1972); *Brown v. People,* 132 Colo. 561, 291 P.2d 680 (1955). If the court is forced to dismiss the jurors, or prospective jurors, and reschedule the trial, whether jeopardy has yet attached is irrelevant.

Second, the appellee argues that prosecutorial misconduct occasioned the second mistrial, and that he should not be forced to suffer additional delay caused by the prosecutor's actions. The speedy trial rule, however, provides for exclusion of periods of delay "caused by *any* mistrial" (emphasis added), and does not make the distinction suggested by the appellee.

Finally, the appellee asserts that numerous errors, delays, and other problems have caused him unwarranted anxiety, expense and

---

[3]*See also* section 18-1-405, C.R.S. 1973.

[4]The length of delay "caused by any mistrial" must be calculated to include the days on which the aborted trial or trials were in progress. Obviously, days on which a defendant is being tried cannot be considered to be part of the period in which trial is being denied, and must be excluded from the six-month period. Thus, in this case, the entire twenty-seven day period of delay from March 29 through April 24, inclusive, was caused by the mistrials for the purposes of Crim. P. 48(b)(1).

prejudice, to such an extent that he has been denied due process and "fundamental fairness." The record does not support these contentions. The principal problems have been related to the delays caused by mistrials, and while errors resulting in such delays are unfortunate, in this case they do not amount to a denial of due process. There is no indication in the record that the delays have been purposeful or intended to prejudice the appellee, or that defense witnesses have become unavailable because of the delays. *Cf. People ex rel. Coca v. District Court*, 187 Colo. 280, 530 P.2d 958 (1975); *People v. Abrahamsen*, 176 Colo. 52, 489 P.2d 206 (1971).

Accordingly, the trial court's order dismissing the case is reversed, and the cause is remanded to the district court for reinstatement and further proceedings. The requirements of Crim. P. 48(b)(1) may still be met if the appellee is brought to trial within twenty-eight days after this decision becomes final, assuming there are no additional delays which are excluded by the Rule from the time computation.