## No. 79SA5

**Dave Pinelli and Phil Pinelli v. The District Court in and for the Eighteenth Judicial District and the Honorable Richard L. Eason**

(595 P.2d 225)

Decided May 21, 1979.                                              Rehearing denied June 4, 1979.

Clark, Martin & Pringle, Bruce D. Pringle, for petitioners.

J.D. MacFarlane, Attorney General, David w. Robbins, Deputy, Edward G. Donovan, Solicitor General, John R. Rodman, Assistant, for respondents.

*En Banc.*

MR. JUSTICE ROVIRA delivered the opinion of the Court.

Dave and Phil Pinelli (petitioners) instituted this original proceeding under C.A.R. 21, and we issued a rule for the respondents to show cause why the criminal action now pending against the petitioners should not be dismissed. We now discharge the rule and remand the cause to the district court for further proceedings.

On April 7, 1978, separate state grand jury indictments were filed in Jefferson County and Arapahoe County charging the petitioners with conspiracy to commit professional gambling in violation of section 18-2-201, C.R.S. 1973 (now in 1978 Repl. Vol. 8). The petitioners pled not guilty to the Jefferson County charge on April 24, 1978. More than six months elapsed without a trial on that charge, and they moved for dismissal on the basis that their rights to a speedy trial had been violated. The District Court in and for Jefferson county granted that motion on December 1, 1978, and that action is not contested.

The petitioners pled not guilty to the Arapahoe County offense on May 11, 1978, and the trial was scheduled for, and commenced, on October 31, 1978. On November 6, 1978, the jury reported that it was unable to reach a verdict, and the trial court declared a mistrial. The court immediately set the matter for retrial on January 9, 1979. The petitioners objected to that action, contending that retrial on that date would violate their rights to a speedy trial under section 18-1-405, C.R.S. 1973, and Crim. P. 48(b). The trial court denied that motion, and the petitioners instituted this proceeding.

Two issues are before this court: First, what is the length of the period within which an accused must be tried after a mistrial; second, may a defendant be tried for offense after similar charges allegedly arising out of the same transaction have been dismissed in another jurisdiction?

## I.

■ The petitioners' first contention is that the retrial on January 9, 1979, would have violated their right to speedy trial under *Colo. Const.* Art. II, Sec. 16, section 18-1-405, C.R.S. 1973, and Crim. P. 48(b). Under those provisions, an accused cannot be brought to trial later than six months after arraignment. However, the computation of that six-month period shall not include the period of delay caused by a mistrial, not to exceed three months for each mistrial. The petitioners argue that such delay consists only of the actual time of the mistrial and a short period to allow the parties to resubpoena witnesses. We disagree.

■ The extension provided following a mistrial is the period of delay caused thereby, but in no event more than three months. In the instant case, a mistrial was declared on November 6, 1978. The trial court immediately set the matter for retrial on January 9, 1979, which was the earliest date available on the court's calendar. Although it is clear that docket congestion would not warrant a retrial later than the three-month maximum period for delay caused by a mistrial, *cf. Carr v. District Court,* 190 Colo. 125, 543 P.2d 1253 (1975), it is a factor in determining the reasonableness of the delay within the statutory and procedural time periods of section 18-1-405(6)(e), C.R.S. 1973, and Crim. P. 48(b)(6)(V). *See Rowse v. District Court,* 180 Colo. 44, 502 P.2d 422 (1972). A delay of approximately two months cannot be said to be unreasonable under the circumstances of this case.

## II.

The petitioners' next contention is that the dismissal of the conspiracy charge in Jefferson County precludes a subsequent prosecution of the conspiracy charges in Arapahoe County. They base their argument on Crim. P. 48(b)(1) and section 18-1-405(1), C.R.S. 1973, which states:

"18-1-405.   Speedy trial. (1) Except as otherwise provided in this section, if a defendant is not brought to trial on the issues raised by the complaint, information, or indictment within six months from the date of the entry of a plea of not guilty, he shall be discharged from custody if he has not been admitted to bail, and, whether in custody or on bail, the pending charges shall be dismissed, and the defendant shall not again be indicted, informed against, or committed for the same offense, or for another offense based upon the same act or series of acts arising out of the same criminal episode."

The petitioners argue that because the Arapahoe County charges have been dismissed against the named coconspirators, the only conspiracy now alleged in the indictment is that between the petitioners. Because conspiracy between the petitioners was alleged in the Jefferson County indictment, it is argued that the dismissal of those charges bars any further prosecution for that offense.

In *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed.2d 1557 (1946), the United States Supreme Court stated that the commission of the same act by the same party with different coconspirators constituted multiple conspiracies.

However, the Colorado legislature has enacted section 18-1-201(4), C.R.S. 1973, which provides:

"(4) If a person conspires to commit a number of crimes, he is guilty of only one conspiracy so long as such multiple crimes are part of a single criminal episode."

■ The question is thus whether or not the conspiracies between the petitioners alleged in the two indictments are parts of the same single criminal episode. This determination requires an analysis of the allegations of the indictments.

The Jefferson County indictment charged the petitioners and a Mr. Harkness with conspiring in Jefferson County to commit professional gambling. It further alleged as overt acts of that conspiracy that the petitioners conducted a bookmaking operation and that Harkness "layed off" illegal gambling bets to Dave Pinelli.

The Arapahoe County indictment charged the petitioners, a Mr. Gottone and a Mr. Mosko, with conspiring in Arapahoe County to commit professional gambling. It alleged as overt acts of that conspiracy that the petitioners conducted a bookmaking operation and that Gottone "layed off" and accepted illegal gambling bets from Pinelli.

The factors, among others, which indicate that both indictments refer to a single criminal episode are: (1) the petitioners are charged in both indictments; (2) the acts alleged in both indictments occurred during the same time period; (3) the type of overt act alleged in both indictments is the same; (4) the unlawful objective of the conspiracy in both indictments is the same; (5) the modus operandi alleged in the indictments is the same; (6) the same evidence would be relevant to both charges.

Some factors which indicate that the indictments refer to different criminal episodes are that the petitioners are charged with conspiring (1) with different parties; (2) in different counties; (3) in different agreements; and with allegations of different overt acts.

It is clear that the conspiracies alleged in two indictments are distinguishable in that they involved separate and distinct agreements. However, it is not clear whether the two alleged conspiracies were part of a single criminal episode.

Although the district court stated that the petitioners were charged with different conspiracies in the two indictments, it also indicated its belief that the conspiracies were based upon the same criminal episode. This apparent incongruity, in light of section 18-2-201(4), C.R.S. 1973, can be redressed only by remand.

Accordingly, this cause is remanded to the district court for further findings. If it finds that the crimes of professional gambling alleged in the two indictments were part of a single criminal episode, then there was but one conspiracy, and the court should dismiss the charges. If the court finds that the substantive offenses were not part of the same criminal episode, then there were two distinct conspiracies, and the court should proceed with the retrial of the petitioners.

The rule is discharged, and the cause is remanded with directions to proceed as indicated above.

MR. JUSTICE PRINGLE and MR. JUSTICE ERICKSON do not participate.