The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

William Douglas PIPKIN, Defendant-Appellee.

No. 81SA421.

Supreme Court of Colorado, En Banc.

Nov. 29, 1982.

Rehearing Denied Jan. 10, 1983.

R. Dale Tooley, Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., John R. Olsen, Deputy Dist. Atty., Denver, for plaintiff-appellant.

Lawrence J. Schulman, Denver, for defendant-appellee.

ERICKSON, Justice.

Pursuant to section 16–12–102, C.R.S. 1973 (now in 1978 Repl.Vol. 8), the district attorney has sought to have us interpret Crim.P. 48(b)(6)(V) and section 18–1–405(6)(e), C.R.S.1973 (now in 1978 Repl.Vol. 8), as granting the prosecution as much as three months to try an accused after a trial is concluded by the granting of a mistrial provided that the delay is reasonable and required by the circumstances occurring as a result of the mistrial. In our view, the interpretation urged by the district attorney may be proper under the circumstances of this case. Accordingly, we reverse the district court and remand with directions to reinstate the charges against the defendant and for further proceedings consistent with this opinion.

■ Both the statute and the rule provide that the following time period shall be excluded from the speedy trial time limitation: "The period of delay caused by any

mistrial, not to exceed three months for each mistrial." In this case, trial commenced on June 30, 1981, and a mistrial was declared on July 1, 1981. Under section 18–1–405(1), C.R.S.1973 and Crim.P. 48(b)(1), the six-month limitation period would have expired July 2, 1981. Because of the mistrial, the prosecution may have had as long as three months to retry the case. A new trial was scheduled for July 27, 1981, and then because of court congestion, it was rescheduled for August 31, 1981.[1]

Thereafter, based upon a motion of the district attorney and over the objection of the defendant, the trial was rescheduled for September 28, 1981. The defendant then moved for dismissal alleging that he had been denied his right to a speedy trial. The trial judge granted the motion relying on *People v. Erickson,* 194 Colo. 557, 574 P.2d 504 (1978). Based on the limited facts which are in the record in this case, we do not read *People v. Erickson, supra,* as mandating dismissal.

After a mistrial is granted and before the six month speedy trial limitation is considered, both the speedy trial statute and the rule allow the prosecution a period not to exceed three months to retry the defendant. Section 18–1–405(6)(e), C.R.S.1973; Crim.P. 48(b)(6)(V). Here the period of delay caused by the mistrial was from July 1, 1981 until September 28, 1981. In our view, the delays which occurred, if caused by the mistrial, must be excluded from the speedy trial period if the delays were reasonable and were not longer than three months. In a sense, all of the delay in obtaining a retrial was caused by the mistrial. If a mistrial had not been declared the trial would have been completed on schedule. *See People v. Sanchez,* 649 P.2d 1049 (Colo. 1982); *Pinelli v. District Court,* 197 Colo. 555, 595 P.2d 225 (1979).

In *Pinelli v. District Court, supra,* we said:

> "Although it is clear that docket congestion would not warrant a retrial later than the three-month maximum period for delay caused by a mistrial, *cf. Carr v. District Court,* 190 Colo. 125, 543 P.2d 1253 (1975), it is a factor in determining the reasonableness of the delay within the statutory and procedural time periods of section 18–1–405(6)(e), C.R.S.1973, and Crim.P. 48(b)(6)(V). *See Rowse v. District Court,* 180 Colo. 44, 502 P.2d 422 (1972). A delay of approximately two months cannot be said to be unreasonable under the circumstances of this case."

197 Colo. at 557, 595 P.2d at 226. To determine "reasonableness," each case must be considered on its own facts. *People v. Colantonio,* 196 Colo. 242, 583 P.2d 919 (1978).

In reviewing the speedy trial statute and the issues in this case, we take cognizance of the six-month extension granted for retrial of a defendant following a reversal of a conviction on appeal or after the defendant has requested and obtained a continuance. Sections 18–1–405(2) and (3), C.R.S. 1973 (now in 1978 Repl.Vol. 8); Crim.P. 48(b)(2) and (3). We also note that the American Bar Association Standards for Criminal Justice relating to speedy trial, which the General Assembly intended to implement in adopting the speedy trial statute, extend the statutory time period after a mistrial is granted: *See* II *American Bar Association, Standards for Criminal Justice* 12–2.1 (1980). Standard 12–2.2 provides:

> *"When time commences to run:*
>
> The time for trial should commence running, without demand by the defendant, as follows:
>
> \*   \*   \*   \*   \*   \*
>
> (c) if the defendant is to be tried again following a mistrial, an order for a new

---

1. Chronic trial congestion does not excuse the prosecution from bringing an accused to trial within the six-month period set out in section 18–1–405, C.R.S.1973. *Carr v. District Court,* 190 Colo. 125, 543 P.2d 1253 (1975); *Pinelli v.*

*District Court,* 197 Colo. 555, 595 P.2d 225 (1979); *II ABA, Standards for Criminal Justice* § 12–2.3(b) (1980) (period of delay from trial congestion attributable to exceptional circumstances may be excludable).

trial, or an appeal or collateral attack, then the time for trial should commence running from the date of the mistrial, order granting a new trial, or remand."

II *American Bar Association, Standards for Criminal Justice* § 12–2.2 (1980).[2]

*See also United States v. Ewell,* 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); *Ruester v. Turner,* 250 So.2d 264 (Fla.1971); Note, *The Right to a Speedy Criminal Trial,* 57 Colum.L.Rev. 846 (1957). We are also aware of C.R.S.1963, 40–1–505, which contained language identical to the present statute. Notes to the 1963 statute state that the General Assembly intended to implement the Speedy Trial Standards in enacting that statute.

■ In our view, the General Assembly intended to grant no more than three months as an exclusion from the speedy trial period, which is one-half of the statutory speedy trial period, following a mistrial. We therefore find that section 18–1–405(6)(e) and Crim.P. 48(b)(6)(V) grant the prosecution a three month exclusion in which to retry a case after a mistrial, provided that the delays meet the reasonableness standard set forth in *Pinelli v. District Court, supra. See also People v. Sanchez, supra.*

■ We are unable to determine from the record, however, whether the trial delay resulting from the two post-mistrial continuances in this case was reasonable. The trial court, based on an inappropriately narrow reading of the statute and rule, concluded that these delays were not "caused by" the mistrial, and therefore did not reach the question of reasonableness. The issue of delay caused by the mistrial must be resolved to determine whether the rescheduling delays were reasonable under the circumstances so that they properly may be excluded from the six month speedy trial period.

We reject the defendant's contention that dismissal of the charges is mandated by *People v. Erickson, supra.* There we held that extensions of the speedy trial period under the statute and the rule can be based on mistrials resulting from prosecutorial misconduct and that delay caused by two successive mistrials included the days on which the aborted trials were in progress. No issue was presented as to the reasonableness of the periods of delay. *People v. Erickson, supra,* is fully consistent with our holding in the case now before us. Reasonable delays up to three months based on a mistrial are to be excluded in determining whether speedy trial requirements have been met.

Accordingly, we reverse and remand with directions to reinstate the charges against the defendant and for further proceedings consistent with this opinion. If the delay in obtaining a retrial in this case was reasonable, the case should be set for immediate trial. If the delay was unreasonable, the charges should be dismissed.

QUINN, J., specially concurs.

ROVIRA and DUBOFSKY, JJ., join in the special concurrence.

QUINN, Justice, specially concurring:

Although I agree the judgment of dismissal should be reversed, I do not agree with the majority's construction of section 18–1–405(6)(e), C.R.S.1973 (1978 Repl.Vol. 8), and the counterpart rule of criminal proce-

---

**2.** *See also National Advisory Commission on Criminal Justice Standards and Goals, Corrections* 4.10 (1973) (retrial following declaration of mistrial must take place within sixty days for felonies and thirty days for misdemeanors); *National Conference of Commissioners on Uniform State Laws, Uniform Rules of Criminal Procedure* 722(d)(2) (1974) (retrial must take place within sixty days for felonies and thirty days for misdemeanors following final order for mistrial); The Speedy Trial Act of 1974, 18 U.S.C. § 3161–74 (1976) (new trial following a mistrial to begin within seventy days from the date the action occasioning the retrial becomes final); *People v. Eickert,* 124 Ill.App.2d 394, 260 N.E.2d 465 (1970); *Caine v. State,* 163 Ind.App. 381, 324 N.E.2d 525 (1975); *State v. Thomas,* 222 N.W.2d 488 (Iowa 1974).

dure, Crim.P. 48(b)(6)(V).[1] I read the majority opinion to hold that, once a mistrial is declared, section 18–1–405(6)(e) requires that there be excluded from the statutory speedy trial period of six months, section 18–1–405(1), C.R.S.1973 (1978 Repl.Vol. 8), a reasonable period of time up to three months. The effect of this holding is that the defendant's statutory speedy trial right is now measured by a reasonable period of delay within the three month post-mistrial term plus any unexpired amount of time remaining on the initial six month statutory term. I believe this construction results not only in substantial uncertainty in the computation of the defendant's statutory speedy trial right but also unnecessarily complicates the administration of already overburdened criminal dockets in many trial courts throughout the state. I therefore would read section 18–1–405(6)(e) to grant the state a flat three month period within which to retry a defendant following a mis-trial, and to require a dismissal of the pending charges if the retrial is not held within this period.[2]

The trial court's judgment of dismissal and the majority opinion are based upon a construction of the statutory speedy trial provisions of section 18–1–405. We are not dealing, therefore, with an interpretation or application of the constitutional right to a speedy trial as guaranteed by the United States and Colorado Constitutions, *U.S. Const.* Amend. VI and XIV; *Colo. Const.* Art. II, Sec. 16.[3] Subsection (1) of section 18–1–405 states, in pertinent part:

"Except as otherwise provided in this section, if a defendant is not brought to trial ... within six months from the date of the entry of a plea of not guilty, ... the pending charges shall be dismissed, and the defendant shall not again be indicted, informed against, or committed for the same offense, or for another offense

1. Crim.P. 48(b)(6) provides as follows:

"In computing the time within which a defendant shall be brought to trial as provided in subsection (b)(1) of this Rule, the following periods of time shall be excluded:

\* \* \* \* \* \*

"(V) The period of delay caused by any mistrial, not to exceed three months for each mistrial."

The rule was promulgated after the legislature enacted section 18–1–405(6)(e), C.R.S.1973 (1978 Repl.Vol. 8), and is identical in all respects with the statute. Because the terms of the statute and the rule are identical, the resolution of the speedy trial issue in this case is the same whether the analysis proceeds from the statute, the rule, or both.

2. There may be some circumstances, not present here, where the three month period may be extended, such as where the defendant requests a continuance.

3. Among the interests underlying the constitutional guarantee to a speedy trial are the defendant's right to be free from the anxiety accompanying a public accusation and society's need for a speedy and final determination of criminal charges. *See Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Klopfer v. North Carolina,* 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); *United States v. Ewell,* 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); *Simakis v. District Court,* 194 Colo.

436, 577 P.2d 3 (1978); *Jaramillo v. District Court,* 174 Colo. 561, 484 P.2d 1219 (1971). The constitutional right to a speedy trial is not limited in scope to compliance with the speedy trial statute. Rather, even if the defendant is brought to trial within the statutory term, he may still assert a constitutional violation, upon which he bears the burden of proof. *Gelfand v. People,* 196 Colo. 487, 586 P.2d 1331 (1978); *Potter v. District Court,* 186 Colo. 1, 525 P.2d 429 (1974); *Casias v. People,* 160 Colo. 152, 415 P.2d 344 (1966), *cert. denied,* 385 U.S. 979, 87 S.Ct. 523, 17 L.Ed.2d 441 (1966). Because the constitutional right to a speedy trial is "a more vague concept than other procedural rights," the United States Supreme Court has balanced the following four factors in determining whether the right has been violated in a particular case: the length of the delay, the reason for the delay, the defendant's assertion of the right, and the prejudice to the defendant. *Barker v. Wingo, supra; see also People v. Small,* 631 P.2d 148 (Colo.1981), *cert. denied* 454 U.S. 1101, 102 S.Ct. 678, 70 L.Ed.2d 644 (1982). The Supreme Court in *Barker v. Wingo, supra,* recognized that the states are free to prescribe a more precise method of resolving the speedy trial issue. Section 18–1–405 is designed to render the constitutional guarantee effective and to provide a method of enforcement. *E.g., Sweet v. Myers,* Colo., 612 P.2d 75 (1980); *P.V. v. District Court,* Colo., 609 P.2d 110 (1980).

based upon the same act or series of acts arising out of the same criminal episode."

Subsection (6)(e) of section 18–1–405 provides as follows:

"(6) In computing the time within which a defendant shall be brought to trial as provided in subsection (1) of this section, the following periods of time shall be excluded:

\*    \*    \*    \*    \*    \*

(e) The period of delay caused by any mistrial, not to exceed three months for each mistrial."

Although the statutory language of subsection (6)(e) might be susceptible at first glance to a construction which treats a reasonable post-mistrial delay not in excess of three months as a temporary tolling of the six month statutory period in subsection (1), I believe such construction gives rise to adverse consequences of uncertainty and administrative complexity which militate against grafting on to the speedy trial statute the construction adopted by the majority. Instead of interpreting subsection (6)(e) as excluding a reasonable period of delay from the six month statutory term in subsection (1), I would read subsection (6)(e) as excluding the three month mistrial period from the statutory speedy trial bar of subsection (1). This construction is in accord with what I perceive to be the overriding legislative intent in enacting subsection (6)(e): to create a new speedy trial period of three months upon the occasion of a mistrial. A number of reasons justify this construction.

A statutory construction which results in the creation of a new three month period for retrial after a mistrial permits an application of speedy trial standards in a manner consistent with the overriding statutory scheme. Where a case is set for trial within six months from arraignment, as required

by section 18–1–405(1), and the case is thereafter continued over the defendant's objection to a later date within the six month statutory term, it is unnecessary to consider the reasonableness of the delay caused by the continuance in resolving whether the defendant has been accorded his statutory right to a speedy trial. As long as the trial commences within six months from the date of the entry of a plea of not guilty, no statutory violation occurs. So too, here, consistency in statutory interpretation requires that the defendant's statutory right to a speedy trial following a mistrial should be measured by whether the retrial commences within a period "not to exceed three months" following the mistrial. Section 18–1–405(6)(e), C.R.S.1973 (1978 Repl.Vol. 8).[4]

Furthermore, the statute itself does not qualify the three month post-mistrial period with the "reasonable delay" concept adopted by the majority. That the statute does not do so is some evidence, in my opinion, that the legislature perceived a mistrial as a critical event which creates a new statutory period of time within which the defendant must be retried or the charges against him dismissed.

Finally, the creation of a new post-mistrial period of three months is simply a recognition of the practical impossibility involved in attempting to determine what reasonable nexus, if any, there might be between a mistrial and a period of ensuing delay, for purposes of excluding this period from the initial six month statutory speedy trial term. Generally, delays following a mistrial are not so much the result of the mistrial as they are the product of complexities incident to rescheduling a trial within the busy schedules of trial courts, prosecutors, defense counsel, and witnesses. Granting the state a new three month period of time after a mistrial to retry a defendant puts the court, the prosecution and the defense on notice of their respective

---

4. In each instance, notwithstanding the commencement of the trial within the statutory period of time, the defendant may assert that his *constitutional* right to a speedy trial has been violated, and that issue will be resolved on the basis of the balancing test promulgated in *Barker v. Wingo, supra* n. 3, a determination quite independent of the consideration in measuring the defendant's *statutory* right to a speedy trial under section 18–1–405.

rights and responsibilities. The majority's "reasonable delay" standard and its reversion to the initial six month term as the measure of the defendant's speedy trial rights only create additional uncertainty in those cases where the retrial cannot be commenced on the first scheduled date within the post-mistrial period. This is precisely the uncertainty which confronted the trial court in this particular case in its efforts to resolve the defendant's motion to dismiss. A categorical three month period would eliminate this uncertainty and, additionally, would provide trial courts with needed flexibility in the administration of their busy dockets.

Because the defendant's rescheduled trial date of September 28, 1981, was within three months of the declaration of a mistrial on July 1, 1981, I would reverse the judgment of dismissal and remand the case to the trial court with directions to commence a trial with all speed necessary to comply with the three month term of section 18–1–405(6)(e).

Justices ROVIRA and DUBOFSKY have authorized me to state that they join in this special concurrence.