David Roger SNYDER, Petitioner-Appellant,

v.

Harold P. MOSS, County Court Judge, Respondent-Appellee.

No. 84CA0269.

Colorado Court of Appeals, Div. II.

May 2, 1985.

As Modified on Denial of Rehearing June 13, 1985.

Harshman, Deister, Larson & McBee, Douglas E. Larson, Grand Junction, for petitioner-appellant.

Terrance Farina, Dist. Atty., J. Martelle Porter, Deputy Dist. Atty., Grand Junction, for respondent-appellee.

KELLY, Judge.

Petitioner, David Roger Snyder, appeals the order of the district court denying his motion for a writ of prohibition, alleging that his right to a speedy trial pursuant to § 18-1-405, C.R.S. (1978 Repl.Vol. 8) had been violated. We affirm.

Petitioner was charged with driving under the influence and entered a plea of not guilty on October 15, 1981. Following plea negotiations, a date of March 10, 1982, was set for disposition. Petitioner failed to appear on March 10, 1982, and the county court issued a bench warrant. Petitioner appeared on April 7, 1982, and a new bond was set.

On April 26, 1982, petitioner appeared with his attorney in county court and re-

quested permission to file a motion to dismiss and set a hearing. At the hearing on April 29, 1982, the county court denied petitioner's motion and offered to move other cases because it was concerned about petitioner's speedy trial rights. However, petitioner's attorney indicated that there would not be a speedy trial problem and in order to accommodate petitioner's attorney's schedule, trial was set for June 16, 1982.

On May 12, the People filed a motion to continue the June 16 trial date because a material witness was going to be unavailable. The trial court granted the People's motion on May 19. The case was continued and reset for trial on July 7, 1982.

Petitioner filed a motion to dismiss for failure to prosecute within six months, and a hearing on the motion was held on June 16, 1982. The county court found that § 18-1-405, C.R.S. (1978 Repl.Vol. 8) had not been violated.

On June 24, 1982, the petitioner filed a petition for judicial review and writ of prohibition. Petitioner failed to prepare a citation for issuance pursuant to the petition, and on October 20, 1982, the district court held that the case had been improperly brought since the county court had not been made a party to the action. A new trial date was set for November 30, 1982, in county court. On November 18, 1982, petitioner refiled his petition for judicial review and writ of prohibition in district court. The November 30, 1982, trial date was vacated pending the outcome of the petition. On February 1, 1984, the petition was denied and this appeal followed.

Petitioner argues that only the period of his actual unavailability may be excluded from the speedy trial calculation. We disagree.

■ Section 18-1-405, C.R.S. (1984 Cum. Supp.) provides that unless an accused is brought to trial within six months of the date that a not guilty plea is entered, the charges must be dismissed. In determining whether the six months has expired, certain periods of delay may be excluded. Section 18-1-405(6)(d), C.R.S. (1978 Repl. Vol. 8) excludes:

"The period of delay resulting from the voluntary absence or unavailability of the defendant; however, a defendant shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained, or he resists being returned to the state for trial"

This section excludes not only the period of time in which a defendant, here the petitioner, is actually unavailable, but also any period of delay that may be fairly attributed to the defendant's absence. A reasonable period after notification of a defendant's return to redocket the case and prepare for trial may be excluded. *People v. Alward,* 654 P.2d 327 (Colo.App.1982).

■ Here, petitioner, although scheduled to appear on March 10, 1982, did not appear until April 7, 1982. On April 7, 1982, a new disposition and hearing date was set for April 26, 1982. Hence, the period between March 10, 1982, and April 26, 1982, is attributable to the petitioner as the reasonable period of delay caused by his voluntary absence under § 18-1-405(6)(d), C.R.S. (1978 Repl.Vol. 8). Thus, although the six-month speedy trial period would have expired on April 15, 1982, with the additional 47 days attributable to the petitioner, the six-month period was extended until June 1, 1982.

In order to include additional time in the speedy trial calculation, the petitioner asserts that his attorney did not in fact have a scheduling conflict requiring a later trial date and that the attorney had not so represented to the court. We reject this argument.

■ Section 18-1-405(6)(f), C.R.S. (1978 Repl.Vol. 8), provides that "[t]he period of any delay caused at the instance of the defendant" shall be disregarded in determining whether the six-month statutory time period has run. This subsection has been interpreted to include any delays agreed to by the defendant or requested by his attorney. *People v. Hamer,* 689 P.2d

1147 (Colo.App.1984). Scheduling delays to accommodate defense counsel are attributable to the defendant. *Hamer, supra.*

■ The record shows that the county court offered to move other cases in order to try petitioner's case because it was concerned about petitioner's speedy trial rights. Petitioner's attorney responded, "I don't believe we are in trouble on the six-month rule, your Honor." Ultimately, petitioner's counsel told the court he would prefer June 16 as the trial date. Accordingly, the period of time from the second calculated expiration of speedy trial on June 1 until June 16 was fairly attributed to the defendant pursuant to § 18-1-405(6)(f), C.R.S. (1978 Repl.Vol. 8).

■ The district court found, and we agree, that the People were appropriately granted a continuance pursuant to § 18-1-405(6)(g)(I), C.R.S. (1978 Repl.Vol. 8). The period of time required for continuances pursuant to § 18-1-405(6)(g)(I) is also excludable from the speedy trial period. Thus, the county court correctly continued the June 16 trial date to July 7, 1982, and the speedy trial period was extended to July 7, 1982. *See People v. Baker*, 38 Colo.App. 101, 556 P.2d 90 (1976).

■ Prior to the third calculated expiration of the speedy trial period on July 7, 1982, the petitioner sought a writ of prohibition on June 24, 1982, and obtained a stay by the district court of the county court proceedings. This delay extended from June 24, 1982, until October 20, 1982, when the district court found that the case had been improperly brought since the county court was not made a party to the action. On October 20, the trial was reset again for November 30. Accordingly, this period of delay from June 24 through November 30 was properly attributed to the petitioner pursuant to § 18-1-405(6)(b), C.R.S. (1978 Repl.Vol. 8), which provides that the "[p]eriod of delay caused by an interlocutory appeal" is chargeable to the petitioner. Thus, the petitioner caused all of the delay but the period of time between June 16 and July 7, and the setting of the trial date on November 30, 1982, was not a violation of the speedy trial provisions of § 18-1-405, C.R.S. (1978 Repl.Vol. 8).

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.