The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Curtis Richard MARTIN, Jr., Defendant-Appellee.

No. 85SA259.

Supreme Court of Colorado, En Banc.

Feb. 23, 1987.

Rehearing Denied March 9, 1987.

James F. Smith, Dist. Atty., Steven L. Bernard, Chief Trial Deputy, Michael J.

Milne, Deputy Dist. Atty., Brighton, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Rachel A. Bellis, Deputy State Public Defender, Denver, for defendant-appellee.

VOLLACK, Justice.

Pursuant to section 16–12–102, 8A C.R.S. (1986),[1] the People appeal the district court's order dismissing a criminal action against the defendant, Curtis Richard Martin, Jr., for failure to bring the defendant to trial within the six month speedy trial period imposed by section 18–1–405, 8B C.R.S. (1986), and Crim.P. 48, 7B C.R.S. (1984). We reverse the judgment and remand the case to the district court for further proceedings.

## I.

The defendant, Curtis Richard Martin, Jr., was charged by information with the crime of fraud by check, section 18–5–205, 8 C.R.S. (1973), on February 25, 1981. The defendant, while on bail, failed to appear at numerous preliminary hearings. The trial court subsequently issued a bench warrant for the defendant's arrest. The defendant was in custody for arraignment, pursuant to the bench warrant, on February 3, 1983. The People moved to add an additional count of violation of bail bond, and the motion was granted. The defendant entered a plea of not guilty to the charge of fraud by check on February 15, 1983. At this time, the defendant was represented by the public defender's office. A trial by jury was set for June 8, 1983. At a hearing on May 6, 1983, the defendant appeared and moved to vacate the hearing, indicating to the court that he intended to retain private counsel. The hearing and the defendant's bond were continued to May 16 for the defendant to appear with new counsel. On that date, the defendant failed to

appear, and the court issued a bench warrant for his arrest. The public defender who originally represented the defendant said that he had not been contacted by the defendant since the defendant's last appearance in court. On June 8, the public defender and the prosecutor appeared before the trial court without the defendant. The trial court found that it had previously issued a bench warrant for the defendant's arrest on May 16, 1983, and that the warrant was still in effect.

The defendant was next brought before the trial court in custody on January 24, 1985, following his extradition from California on January 23, 1985. The case was continued to January 28, 1985, at which time a trial date was set for June 12, 1985. The defendant made no objection to this trial date on the grounds that it violated his right to speedy trial.

On June 10, 1985, the defendant filed a motion to dismiss the charges, alleging that his constitutional and statutory rights to a speedy trial had been violated. The defendant contended that he was entitled to dismissal under section 18–1–405 because the time that had elapsed before he left the State of Colorado, from February 15, 1983, until May 16, 1983, when the defendant failed to appear for a scheduled hearing (totaling three months and one day), added to the time period between defendant's appearance on January 28, 1985, and the new trial date of June 12, 1985 (totaling four months and two weeks), exceeded the six month speedy trial period.

The trial court found that it had erred in setting the trial date four months and two weeks after the defendant was returned to the State of Colorado as beyond the six month speedy trial period. The trial court ruled that the requirements of section 18–1–405, 8B C.R.S. (1986), and Crim.P. 48(b) mandated that the charges against the defendant be dismissed for violation of his right to a speedy trial. The People have brought this appeal.

---

**1.** Section 16–12–102 states "[t]he prosecution may appeal any decision of the trial court in a criminal case upon any question of law." 8A C.R.S. (1986).

## II.

This appeal is based on the statutory right to a speedy trial, therefore, we do not address the constitutional right to a speedy trial provided for in both the Colorado and federal constitutions.[2] Section 18–1–405 and Crim.P. 48(b) are substantially similar[3] and provide that a person accused of a crime must be brought to trial within six months of the date that the defendant pleads not guilty to the charges. In determining the expiration date of the six months, periods of delay due to reasons specified in section 18–1–405(6) are excluded. Section 18–1–405 states in pertinent part:

(6) In computing the time within which a defendant shall be brought to trial as provided in subsection (1) of this section, the following periods of time shall be excluded:

. . . .

(d) The period of delay resulting from the voluntary absence or unavailability of the defendant; however, a defendant shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained, or he resists being returned to the state for trial.

██ The language of section 18–1–405 is mandatory unless the period of delay in question fits within or can be inferred from one of its exclusionary provisions.[4] *People v. Beyette,* 711 P.2d 1263 (Colo.1986); *People v. Bell,* 669 P.2d 1381 (Colo.1983). Failure of the prosecution and the trial court to comply with the speedy trial statute requires dismissal of the charges against the defendant with prejudice. *Jones v. People,* 711 P.2d 1270 (Colo.1986). The exclusion due to the defendant's unavailability or absence applies to all the delay "resulting from" the absence and is not limited to the actual period of time that the defendant is unavailable. *People v. Sanchez,* 649 P.2d 1049 (Colo.1982); *Snyder v. Moss,* 703 P.2d 1311 (Colo.App.1985). This time period includes a reasonable period in which to reschedule and prepare for trial a case that has been postponed from its original trial date due to the voluntary absence of the defendant. *People v. Alward,* 654 P.2d 327 (Colo.App.1982). *See State v. Sherman,* 217 Kan. 326, 536 P.2d 1373 (1975), *cited in People v. Sanchez,* 649 P.2d at 1051.

██ The speedy trial provisions of section 18–1–405 are designed to serve the public interest and the interests of the accused by requiring an expeditious determination of guilt or innocence so that the guilty can be sentenced and the innocent exonerated. *People v. Moye,* 635 P.2d 194, 195 (Colo.1981); *Jaramillo v. District Court,* 174 Colo. 561, 484 P.2d 1219 (1971).

---

**2.** U.S. Const. amend. VI and XIV; Colo. Const. art. II, § 16.

**3.** Due to the similarity of section 18–1–405 and Crim.P. 48, we will herein refer only to section 18–1–405 in our analysis.

**4.** The General Assembly has amended section 18–1–405, which if effective at the time of dismissal of this case, would resolve the issue. Section 18–1–405(5.1) reads as follows:

If a trial date is offered by the court to a defendant who is represented by counsel and neither the defendant nor his counsel expressly objects to the offered date as being beyond the time within which such trial shall be had pursuant to this section, then the period within which the trial shall be had is extended until such trial date and may be extended further pursuant to any other applicable provisions of this section.

§ 18–1–405(5.1), 8B C.R.S. (1986). This provision was effective as of July 1, 1985, 1985 Colo. Sess.Laws 621, and is therefore not applicable to this case. Subsection (5.1) reverses prior case law which held that a defendant's silence and failure to object to the setting of a trial date beyond the speedy trial term did not constitute a waiver. *E.g., Harrington v. District Court,* 192 Colo. 351, 559 P.2d 225 (1977).

Section 18–1–405 was also amended at the same time, effective July 1, 1985, as follows:

(h) The period of delay between the new date set for trial following the expiration of the time periods excluded by paragraphs (a), (b), (c), (d), and (f) of this subsection (6), not to exceed three months.

§ 18–1–405(6)(h), 8B C.R.S. (1986).

It does not logically follow that the provisions of section 18-1-405 can be used to advantage by a defendant who violates bond, fails to appear at the trial set to determine his guilt or innocence, and absconds from the state. It is for this reason that the language of section 18-1-405(6)(d) has been read broadly to encompass not only the time that the defendant is actually absent, but includes reasonable delay that results from that absence. *See Sanchez,* 649 P.2d at 1051.

■ In our view, the General Assembly intended to grant a reasonable period of time as an exclusion from the speedy trial period following the absence or unavailability of a defendant, provided that the delays meet the reasonableness standard set forth in *Sanchez,* 649 P.2d 1049. *See also People v. Pipkin,* 655 P.2d 1360 (Colo.1982).

■ In determining what delay can be attributable to the defendant's absence or unavailability, each case must be viewed individually and the determination is dependent upon the facts of the specific case. *Sanchez,* 649 P.2d at 1052; *Pipkin,* 655 P.2d 1360; *People v. Colantonio,* 196 Colo. 242, 583 P.2d 919 (1978). In the case before us, the trial court ruled that dismissal of the charges was required due to the court's mistaken belief that the six month period began anew. The trial court failed to consider what delay in setting the trial date could properly be attributed to the defendant. Therefore, we lack the necessary facts to determine whether there was delay that should have been attributed to the defendant's absence and whether that trial delay caused by the defendant's absence was reasonable.

We note, however, that there is no indication that the defendant suffered any prejudice as a result of the delay. In fact, the defendant was present when the trial court set the trial date, but remained silent and did not object. *See supra,* n. 4. "[T]he speedy trial provisions are not intended to be applied in a wooden or mechanistic fashion" that would undermine the societal interest in effective enforcement of the criminal laws. *Sanchez,* 649 P.2d at 1052. Further, between January 28, 1985, and June 10, 1985, preliminary motions were heard by the court, and the defendant filed a motion for bond reduction.

■ The People contend that the defendant's voluntary absence from the state amounted to a request for a continuance on the part of the defendant. Section 18-1-405(3) [5] provides that the six month period for a trial starts anew in the event a continuance is granted at the defendant's request. The People argue that the defendant's failure to appear at his trial manifested his desire to postpone the trial indefinitely. The policy reasons offered to support this contention—the difficulty in locating witnesses, the problem of overcrowded dockets, and the potential abuse of the speedy trial period by defendants who attempt to "run time off" the speedy trial clock before absconding—are factors to be considered in determining whether the trial delay is reasonable. It is unnecessary to read the implied request for a continuance into (6)(d). The language of (6)(d) provides for a reasonable time in which to bring a formerly absent defendant to trial without disturbing other trials in progress to the detriment of other defendants.

In *Sanchez,* we supported our conclusion regarding 6(d) by reference to our cases applying the mistrial exclusion provision of section 18-1-405(6)(e), 8B C.R.S. (1986). In *Pinelli v. District Court,* 197 Colo. 555, 595 P.2d 225 (1979), we held that the entire period of delay between the declaration of

5. Section 18-1-405(3) reads as follows:
   If a trial date has been fixed by the court, and thereafter the defendant requests and is granted a continuance for trial, the period within which the trial shall be had is extended for an additional six months' period from the date upon which the continuance was granted.
   § 18-1-405(3), 8B C.R.S. (1986).

mistrial and the retrial was excludable from the speedy trial period as long as the delay was reasonable. *Sanchez*, 649 P.2d at 1051. Here, we also look to our cases construing provision (6)(e) for support of our decision to reinstate the charges against the defendant.

In *Pipkin*, 655 P.2d 1360, we were unable to determine from the record whether the trial delay resulting from two post-mistrial continuances was reasonable. There, the trial court did not reach the question of reasonableness and, therefore, we remanded the case with directions to determine whether the delay in obtaining a retrial was reasonable. This is the correct course of action in the instant case.

Accordingly, we reverse and remand with directions to reinstate the charges against the defendant and for further proceedings consistent with this opinion. If the delay in obtaining a trial can be reasonably attributable to the delay resulting from the defendant's absence, the case should be set for trial.

DUBOFSKY, J., dissents and LOHR, J., joins in the dissent.

DUBOFSKY, Justice, dissenting:

I respectfully dissent.

The majority remands this case for the district court to reconsider under *People v. Sanchez*, 649 P.2d 1049 (Colo.1982), whether the delay in setting the trial date resulted from the defendant's absence. Because the facts in *Sanchez* differ significantly from the facts before us in this case and because the district court already considered whether the facts here come within *Sanchez*, I would affirm the district court order.

In *Sanchez*, when the defendant was returned to court after failing to appear for his original trial date, only ten days remained of the speedy trial period. On the day the defendant was returned, the judge who had conducted the prior proceedings in the case was on vacation. Another judge continued the matter until the date the original trial judge was to return, three days beyond the expiration of the extended speedy trial period once the days during which the defendant was absent had been excluded. The case was set for trial six days later. Before trial, the court granted the defendant's motion to dismiss for failure to comply with speedy trial requirements. We noted that the record contained no suggestion that there was a more expeditious manner of handling the case and that the delay, nine days beyond the speedy trial period, was short. We held that section 18–1–405(6), 8B C.R.S. (1986), and Crim.P. 48(b) contemplate an exclusion from the speedy trial period of the time of the defendant's actual absence and any additional period of delay that may be fairly attributable to the defendant as a result of his voluntary absence. *Sanchez*, 649 P.2d at 1051.

In its ruling on the motion to dismiss in the instant case, the district court specifically referred to *Sanchez* and made clear that the only reason it did not set the case for trial earlier was because it was under the misapprehension that the six month speedy trial period began again after a defendant had fled the jurisdiction and been returned. Instead, under the statute and the rule, the court had approximately two months and one week after the defendant was returned to court within which to set his trial. At the hearing on the motion to dismiss the public defender stated that trials in the Adams County District Court, where these charges were filed, were being set for trial approximately two months from the date of arraignment. Neither the prosecutor nor the court disputed the public defender's statement about the possibility of setting a trial within two months.

The majority remands this case for further factual findings on whether any of the delay after the defendant's return to Colorado could be attributed to him. On the basis of the record, I see no reason to

remand for further findings. I would af-
firm the district court's ruling.

I am authorized to say that Justice
LOHR joins in this dissent.