Ronald Meredith MASON, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 95SC777.

Supreme Court of Colorado,
En Banc.

Feb. 18, 1997.

As Modified on Denial of Rehearing
March 17, 1997.

Polidori, Gerome, Franklin & Jacobson,
L.L.C., Dennis J. Jacobson, Lakewood, for
Petitioner.

David J. Thomas, District Attorney, First
Judicial District, Donna Skinner Reed, Chief
Appellate Deputy District Attorney, Golden,
for Respondent.

Justice SCOTT delivered the Opinion of
the Court.

The question presented is whether the failure to retry a criminal defendant within three months of the declaration of a mistrial violates the speedy trial requirements of section 18–1–405, 8B C.R.S. (1986), mandating dismissal of charges against the defendant.[1] Consistent with our decision announced in *People v. Pipkin*, 655 P.2d 1360 (Colo.1983), we conclude that the controlling statute does not create a new three-month time period, and therefore, we find no such violation.

I.

In November 1993, the petitioner, Ronald Mason, was charged with several counts of third-degree sexual assault.[2] On December 8, 1993, Mason pleaded not guilty. On April

---

1. While the petition for writ of certiorari and our order granting the same refer to "ninety days," the controlling statutory provision, § 18–1–405(6)(e), 8B C.R.S. (1986), and the applicable rule, Crim. P. 48(b)(6)(V) and (VII)(A), 7B C.R.S. (1996 Supp.), refer to "three months." The specific issue upon which we granted certiorari is: "May a criminal defendant be retried more than ninety days after the date of declaration of a mistrial, over the objection of that defendant?" For purposes of this opinion, because it is not necessary to distinguish between a ninety-day or a three-month period, we will use the three-

month period set forth in the controlling law. However, we do not determine here that the two time periods are identical for other purposes.

2. The alleged violations of § 18–3–401, 8B C.R.S. (1986), stemmed from a series of incidents that occurred in Mason's appliance repair shop. Several female customers alleged that when handing their repaired appliances to them, Mason intentionally brushed and allowed his hand to linger on their breasts.

7, 1994, Mason and his attorney signed a court form "notice of criminal setting" whereby he agreed that his trial could be held as late as October 7, 1994, or "at any time within [six] months after the date of [the] waiver." Thus, Mason waived his right to a speedy trial pursuant to section 18–1–405 and Crim. P. 48, agreeing that his trial could be held at any time within six months after the date of the waiver. By the terms of the waiver, his trial was set to be heard before a jury of six in the county court for Jefferson County (trial court) on July 18, 1994.

On July 18, the matter proceeded to trial. At the outset of trial, Mason made a motion for a mistrial. The trial court granted the motion and set a retrial, with Mason's agreement, for October 4, 1994, three days within the October 7 trial date limit agreed to in April.

On July 22, 1994, the prosecution filed a motion to continue the October 4 retrial on the grounds that two essential witnesses, victims of Mason's alleged conduct, would be out of the country and unavailable to testify on that date. Notice of an August 22 hearing on that motion was provided to Mason by means of timely service on his attorney. Neither Mason nor his attorney, who was appearing before a different court, were present at the hearing on the motion to continue. However, on the same day as the hearing, Mason's attorney filed a written objection to the continuance.[3] The trial court granted the continuance stating that "good cause" had been shown since the "witnesses [were] unavailable through no fault of the People," and set a new trial date of October 31, 1994.[4]

A few days after the hearing, Mason's attorney learned of the new trial date and filed an objection, claiming that Mason was entitled to have his charges brought to trial within three months of the date of the declaration of a mistrial or, October 17, 1994.[5] At the hearing on Mason's motion, the trial court affirmed its ruling continuing the trial, for good cause, until October 31.

At the October 31 trial, the jury convicted Mason of three counts of misdemeanor sexual assault. The trial court sentenced Mason to six months in jail for the first count, one year in work release for the second count, and two years of probation for the third count. The trial court stayed Mason's sentence pending appeal. On appeal, the district court affirmed and we granted certiorari to review its judgment.

## II.

Because Mason did not claim any constitutional infirmity regarding the trial court's orders, we limit our review to the controlling statute, section 18–1–405. When construing a statute, our primary task is to give effect to the intent of the legislature. *See People v. Murphy*, 919 P.2d 191, 194 (Colo.1996). To discern such intent, we first look to the language of the statute according to its plain and ordinary meaning. *Id.* If the language is plain and the meaning is clear, there is no need to resort to interpretative rules of statutory construction. *See Moody v. Corsentino*, 843 P.2d 1355, 1370 (Colo. 1993).

Thus, we begin with the plain language of section 18–1–405, the speedy trial statute. Under section 18–1–405(1), a defendant has a right to a "speedy trial," which it defines as

---

**3.** Mason's single page objection, without citation to any authority, generally objected to further delay and suggested that the prosecution could compel the attendance of the witnesses who would be out of the country on "[l]eisure travel ... hardly grounds for continuation of a trial."

**4.** During oral argument, Mason's counsel suggested the witnesses' unavailability was not due to "good cause." However, whether the prosecution's motion was supported by good cause or was otherwise sufficient under our speedy trial statute and criminal rule was not within the scope of our order granting certiorari. *See* n.1 supra. Whether the continuance was supported

by "good cause" is not before us and we need not and do not address it here. For purposes of this appeal, therefore, we accept the trial court's order granting the continuance as supported by good cause or other sufficient basis.

**5.** Because he relied upon a ninety-day period as opposed to a three-month period, Mason's motion stated in part: "Defendant is entitled to have this matter brought to trial within 90 days of the date of the declaration of mistrial. The 91st day from the declaration of mistrial is October 17, 1994."

one occurring "within six months from the date of the entry of a plea of not guilty." However, section 18–1–405(6) provides that certain periods of time shall be excluded from that six-month period. Section 18–1–405(6) states in relevant part:

> In computing the time within which a defendant shall be brought to trial as provided in subsection (1) of this section, the following periods of time shall be excluded:
>
> . . . .
>
> (e) The period of delay caused by any mistrial, not to exceed three months for each mistrial;
>
> . . . .
>
> (g) The period of delay not exceeding six months resulting from a continuance granted at the request of the prosecuting attorney, without the consent of the defendant, if:
>
> (I) The continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that this evidence will be available at the later date.

Identical language appears in the rules of criminal procedure governing a defendant's right to a speedy trial.[6]

In *People v. Pipkin*, 655 P.2d 1360, 1361 (Colo.1983), we held that section 18–1–405(6)(e) and Crim. P. 48(b)(6)(V) operate so that "delays . . . caused by the mistrial, must be excluded from the speedy trial period." We also stated that any such delay must be "reasonable and [shall] not [be] longer than three months." *Id.; see Pinelli v. District Court*, 197 Colo. 555, 557, 595 P.2d 225, 226 (1979) ("[T]he computation of that six-month period [under section 18–1–405 and Crim. P. 48(b)] shall not include the period of delay caused by a mistrial, not to exceed three months for each mistrial."). In *Pipkin*, a mistrial was declared on July 1, 1981, and the six-month speedy trial period was to have expired on July 2, 1981. 655 P.2d at 1361. The trial court first ordered the defendant retried on July 27, 1981. However, the trial was later rescheduled for August 31, 1981, because of court congestion. *Id.* Thereafter, the trial court moved the trial date to September 28, 1981, based on a motion by the district attorney. *Id.* The total delay caused by the mistrial in *Pipkin* lasted from July 1, 1981, to September 28, 1991, a period we concluded was excluded from the six-month speedy trial period. *Id.*

In *Pipkin* and *Pinelli*, the majority opinions also characterized the period of delay as an "extension." *Pipkin*, 655 P.2d at 1361 ("We also note that the American Bar Association Standards for Criminal Justice relating to speedy trial, which the General Assembly intended to implement in adopting the speedy trial statute, extend the statutory time period after · a mistrial is granted[.]"); *Pinelli*, 197 Colo. at 557, 595 P.2d at 226 ("The extension provided following a mistrial is the period of delay caused thereby . . . ."). Nonetheless, it is a misreading of our holding in both *Pipkin* and *Pinelli* to conclude that we view the period of delay caused by a mistrial that does not exceed three months not to be excluded from the computation of the six-month period in which an accused must be brought to trial. *Pipkin*, 655 P.2d at 1362 ("In our view, the General Assembly intended to grant no more than three months as an exclusion from the speedy trial period . . . following a mistrial. We therefore find that section 18–1–405(6)(e) and Crim P. 48(b)(6)(V) grant the prosecution a three month exclusion in which to retry a case after a mistrial . . . ."); *see also People v.*

6. Crim. P. 48(b)(6)(V) and (VII)(A) provide:

> (6) In computing the time within which a defendant shall be brought to trial as provided in subsection (b)(1) of this Rule, the following periods of time shall be excluded:
>
> . . . .
>
> (V) The period of delay caused by any mistrial, not to exceed three months for each mistrial;
>
> . . . .

> (VII) The period of delay not exceeding six months resulting from a continuance granted at the request of the prosecuting attorney, without the consent of the defendant, if:
>
> (A) The continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at the later date.

*Erickson,* 194 Colo. 557, 559, 574 P.2d 504, 506 (1978) (holding that the speedy trial rule provides for exclusion of periods of delay caused by any type of mistrial).

### III.

#### A.

Mason argues that after a mistrial, section 18–1–405(6)(e) sets an absolute new speedy trial time limit, requiring a retrial to be held within ninety days or three months of the declaration of a mistrial. We disagree.

■ Mason, in effect, seeks to overcome the plain language of the statute in favor of what he considers to be the legislative intent. According to our rules of statutory construction, however, we do not look beyond the plain language to reach the legislative intent where the language is clear and unambiguous. *See Deutschendorf v. People,* 920 P.2d 53, 60 (Colo.1996). The plain language of the statute can only be read to create an exclusion, not a new time period within which the defendant must be tried. The statutory language is explicit and our precedent consistent.

Moreover, if the General Assembly had intended to limit the time for speedy trial to three months after the declaration of a mistrial, it would have used terms similar to those in section 18–1–405(2). That section provides, "[i]f trial results in conviction which is reversed on appeal, any new trial *must be commenced within six months after the date* of the receipt by the trial court of the mandate from the appellate court." § 18–1–405(2) (emphasis added). Because the General Assembly expressly deemed the delay after a mistrial as an exclusion and not as a new time period like section 18–1–405(2), the statute should be construed as written since we

may presume that the General Assembly meant what it clearly said. *See PDM Molding, Inc. v. Stanberg,* 898 P.2d 542, 545 (Colo. 1995).

Finally, we find further support for following *Pipkin* in the fact that the General Assembly has not chosen to amend the statute's terms respecting the exclusion of delays due .to mistrial, and it was that language upon which we relied in *Pipkin* to conclude that the statute provided an exclusion rather than an absolute time limit. Such legislative inaction evinces the General Assembly's acceptance of our conclusion and holding in *Pipkin. See State Dep't of Revenue v. Adolph Coors Co.,* 724 P.2d 1341, 1345 (Colo.1986) (when the legislature does not change a section previously interpreted by settled judicial construction, it is presumed that it agrees with judicial construction of the statute); *see also Music City, Inc. v. Duncan,* 185 Colo. 245, 248, 523 P.2d 983, 985 (1974).

#### B.

■ In the instant case, Mason signed a waiver of his right to a speedy trial on April 7, 1994. That act was Mason's consent to a trial at any time within six months after April 7 and thus, the trial was required to be held by October 7, 1994. When the first trial ended in a declaration of mistrial on July 18, 1994, the trial court properly scheduled a retrial for October 4, 1994. Mason does not dispute, and in fact, at oral argument his counsel conceded,[7] that this trial date fell within the speedy trial period.

On August 22, 1994, the prosecution filed a motion to continue on the grounds that several witnesses would not be available to appear at the retrial scheduled for October 4, 1994. The trial court granted this continuance for "good cause shown" [8] and resched-

---

7. During oral argument, the court inquired, "If this trial had occurred on October 4, although you might be here, you would not be here arguing this issue?" Mason's counsel replied, "That is correct."

8. The issue of whether the motion for continuance was properly granted for good cause upon a showing by the prosecution of "due diligence" and "reasonable grounds" as set forth in § 18–1–405(6)(e) and Crim. P. 48(b)(6)(VII)(A) is not

before us because it was not raised in the defendant's petition for certiorari. *Sherman Agency v. Carey,* 195 Colo. 277, 280, 577 P.2d 759, 761 (1978) (issues not mentioned in the petition for certiorari will not be considered); *Berge v. Berge,* 189 Colo. 103, 104, 536 P.2d 1135, 1136 (1975) (the court need not consider points not raised in the petition for certiorari). Because that question is not before the court today, we must accept the trial court's ruling that the motion was granted on good cause shown. *See also supra* note 4.

uled the trial for October 31, 1994. Mason argues that this date, which is when the trial was actually held, is beyond the speedy trial period. Again, we disagree.

According to section 18–1–405(6)(e), the period of delay caused by a mistrial should be excluded from the computation of time within which a defendant must be brought to trial. The People argue, and we agree, that the period of time between July 18, the date of mistrial, and October 4, the first date of retrial, constitutes a period of delay caused by mistrial under the statute. Thus, in accordance with the statute's command, that period of time should be excluded from the speedy trial period, thereby tolling the expiration of the six-month period in which defendant must be retried. As a consequence of excluding that time period, i.e., July 18 through October 4, and also computing the six-month speedy trial period as beginning April 7, as Mason agreed, only three months and eleven days of the six-month period were consumed. Therefore, more than two months remained as of that October 4 date. Hence, any date in October, even the 31st day of that month, conforms with Mason's speedy trial rights and easily falls within the statutory six-month time period of our speedy trial statute.

## IV.

We conclude that Mason's statutory right to a speedy trial was not violated and thus, he is not entitled to dismissal of the charges against him. Because we conclude that the delay caused by a mistrial, not to exceed three months, is to be excluded from the calculation of the six-month speedy trial period, the trial date of October 31, 1994, did indeed fall within the requirements of the statute, even though it is more than three months after the mistrial. Accordingly, we affirm the judgment of the district court.