No. 18,069.

EDWIN JOHNS *v.* AMBROSE-WILLIAMS & CO.
(317 P. [2d] 897)

Decided November 18, 1957. Rehearing denied December 2, 1957.

Mr. FRED J. PFERDESTELLER, Mr. FRED W. VONDY, for plaintiff in error.

Mr. W. DAVID McCLAIN, Mr. EDWIN A. WILLIAMS, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

DEFENDANT in error is a Colorado corporation, licensed to engage in the general real-estate business.

On July 2, 1954, it filed a complaint against plaintiff in error Edwin Johns, individually, and Johns Engineering Company, a Colorado corporation, in which it pleaded an open or book account and attached two statements of accounts dated December 31, 1953, one for $360 and the other for $2,880, and alleged that Johns, the defendant, was indebted to it, the plaintiff, in these sums according to the accounts annexed.

The parties had a previous transaction, similar to the complicated ones here involved, in December of 1951, in which there was an agreement by Johns Engineering Company to pay a commission, which was paid.

The various details on which these accounts are based present a complicated fact situation, and it is deemed unnecessary to attempt a review thereof, other than such parts as are necessary to show that defendant's motion to dismiss made at the close of plaintiff's case, on the ground that plaintiff had not properly proved an account, should have been granted.

The amounts shown in the two statements of account are claimed as commissions for the leasing of two buildings, which buildings were specifically built for Woeber Auto Body and Manufacturing Company and the Allen Bearings Supply Company. Due to the fact that in the previous transaction herein mentioned, in which Edwin A. and Marjorie L. Johns were lessors and the Waukesha Engine and Equipment Company was lessee, and in which transaction there was a written agreement to pay a commission to plaintiff by the Johns Engineering Company, plaintiff seemed to consider that later conversations concerning the handling of some of Johns' property was on the same kind of a basis, and a commission should be paid.

A representative of plaintiff, according to the record, requested employment by Johns or the Johns Engineering Company, which was refused, and later Johns refused to commit himself as to further transactions, because he was out of money. The evidence shows that sometime in the fall of 1951 or the early part of 1952, the representative of plaintiff introduced one Carl Selle, Sr., the president of the Woeber Manufacturing concern to Johns. The representative of plaintiff testified that at the time of this introduction the construction of a building for the Woeber concern by Johns was discussed. This is denied by Johns, as well as Selle, and Martin, the representative of plaintiff, further testified that at the time of the introduction the Woeber concern was ready, willing and able to negotiate.

The lease by Johns to the Woeber concern was in the late summer of 1952 and the Allen lease was negotiated in the fall of 1952 or early 1953. When comparison is made of these dates with the dates of the statement of accounts attached to the complaint, we find a delay of seventeen months in submitting a statement on the Woeber lease and a year's delay on the Allen lease, before any account seemed to accrue. The record is barren of any evidence that the parties here proceeded on the

basis of an account, nor is there any competent evidence of a contract of employment.

Plaintiff elected to treat and plead the conversational and complicated fact situation as an account, all of this in the absence of any competent proof of the account as such or that there was any contemplation of transacting their business on that basis.

This court has repeatedly held that in these real-estate commission cases, the broker, to sustain an action for commission, must do so by testimony that is clear and convincing, and we still adhere to that as the correct rule in such cases, and the reason for such a rule cannot better be expressed than in one of the earliest decisions of our court of appeals, *Babcock v. Merritt*, 1 Colo. App. 84, which is as follows:

"The law should be so defined and construed as to afford the owner of property some protection against the persistent claims of brokers, who seek a recovery on purely technical grounds, and at the same time assure to the broker compensation for services honestly and actually rendered."

In view of our disposition just made of the matter discussed, we deem it unnecessary to consider other errors assigned. Accordingly, the judgment is reversed and the cause remanded with directions to the trial court to dismiss the complaint.

MR. JUSTICE FRANTZ not participating.