**Benito F. MADRIL, Petitioner,**

v.

**SCHOOL DISTRICT NO. 11, EL PASO COUNTY, Respondent.**

**No. 84CA0386.**

Colorado Court of Appeals,
Div. III.

Oct. 3, 1985.

George C. Price, Aurora, for petitioner.

Cockrell, Quinn & Creighton, Benjamin L. Craig, Denver, for respondent.

TURSI, Judge.

Petitioner, tenured teacher Benito F. Madril, was dismissed by the Board of Education (board) of respondent, El Paso County School District No. 11, following a hearing conducted under the Teacher Employment, Dismissal, and Tenure Act (Act), § 22–63–101, et seq., C.R.S. In his petition for review, Madril claims the hearing officer used the wrong standard of proof, and that the board's ultimate findings of immorality and other good and just cause are not sustained by substantial evidence. He also alleges certain discovery and procedural errors. We set the dismissal aside.

The superintendent for the school district filed a letter with the board recommending that Madril, a foreign language teacher at William J. Palmer Senior High School, be dismissed from his employment with the school district for neglect of duty, immorality, and other good and just cause. Madril was charged with leaving his classes unattended at school and also during a field trip to Mexico, with failing to render assistance to students during a field trip to Mexico, with exhibiting improper behavior, and with making immoral advances toward female students.

The hearing officer found the allegations that Madril was frequently alone with a female student during late hours while on a field trip to Mexico and that he left his field trip class unattended during a planned activity were not proven. The hearing officer also found it was not proven that Madril had failed to render necessary academic assistance to students during the school term. The hearing officer did find that during 13 years as a Spanish teacher at Palmer High School, Madril had occasionally left his class unattended for brief periods of time. However, the hearing officer concluded that the circumstances surrounding each of these incidents showed Madril did not act irresponsibly and concluded any violation of board policy was technical or *de minimis*.

As to one of the allegations of immorality, the hearing officer found that Madril was frequently with a female student before, during, and after school, and on several occasions was alone with her in a locked room at school. However, no physical contact or romantic involvement was proved. The hearing officer stated that

Madril used bad judgment in spending so much time with a female student because of the importance of appearance in a school setting, but concluded that the facts did not support a conclusion that Madril acted in an immoral manner. Rather, the testimony tended to prove that it was more a counseling than a romantic relationship.

Another allegation of immorality charged that on one occasion during the 1980–1981 school year when a student was asking Madril for assistance, he told her that he "preferred green eyes over blue." The hearing officer found that the student felt threatened by the comment and that it contained a possible sexual connotation. The hearing officer concluded, however, that while the comment represented improper and possibly immoral behavior toward the student, the allegation would not in and of itself warrant dismissal.

The remaining incident occurred during the 1982–1983 school term. A female student was in the habit of entering Madril's classroom shortly before the end of the class to meet a friend so that they could go to lunch together. Although the student testified that Madril made sexually explicit statements to her, the hearing officer found that what Madril in fact said was, "I know you are here for me, and I know you are here to see me." Madril often put his arm around her when he approached her. On the last of these occasions, he attempted to restrain her from leaving by blocking her in the doorway with his arm. There was, however, little actual physical contact. The hearing officer concluded that this incident constituted immorality on the part of Madril within the following language:

"In our view, whenever a male teacher engages in sexually provocative or exploitive conduct with his minor female students a strong presumption of unfitness arises against the teacher." *Weissman v. Board of Education*, 190 Colo. 414, 547 P.2d 1267 (1976).

As to the "neglect of duty charges," the hearing officer held that none of the evidence would independently support such a finding. The hearing officer concluded,

however, that Madril's immoral conduct impugned his fitness to teach. *See Weissman v. Board of Education, supra.*

The hearing officer held that pursuant to § 22–63–117(8), C.R.S. (1984 Cum.Supp.), he could only recommend retention or dismissal and because he found one allegation of immorality to be proven, he recommended that Madril be dismissed. But, the hearing officer then suggested that instead of dismissing Madril the board place him on one-year probation. *See* § 22–63–117(10), C.R.S. (1984 Cum.Supp.).

The board, after reviewing the findings and recommendation of the hearing officer, dismissed Madril from his employment as a tenured teacher. The board found that Madril "has engaged in immoral conduct in the course of his duties as a teacher ... [and] that such immoral conduct has had an adverse effect on the students of William J. Palmer Senior High School." The board also stated that the findings of fact made by the hearing officer constituted other good and just cause for the dismissal of Madril.

I

Madril first contends that the hearing officer used the wrong standard of proof in finding that the preponderance of the evidence supported the allegation that he made immoral advances to a female student. Madril argues that when a teacher is charged with immorality, the standard of proof should be that of beyond a reasonable doubt. We disagree.

■ Though the Act does not specify what standard of proof is to be utilized in dismissal actions, we note that review before this court is pursuant to § 24–4–106(11), C.R.S. (1982 Repl.Vol. 10) of the State Administrative Procedure Act (APA). *See* § 22–63–117(11), C.R.S. (1984 Cum. Supp.). The APA provides that "[t]he rules of evidence and requirements of proof shall conform, to the extent practicable, with those in civil nonjury cases in the district courts." Section 24–4–105(7), C.R.S. (1982 Repl.Vol. 10). The burden of proof in any

civil action is by a "preponderance of the evidence." Section 13–25–127(1), C.R.S. (1973). Thus, we conclude that in dismissal actions under the Teacher Tenure Act, the proper standard of proof is by a preponderance of the evidence.

## II

Madril next contends that even if the hearing officer applied the correct standard of proof, his evidentiary findings do not justify the board's ultimate finding of immorality or other good and just cause for dismissal.

Section 22–63–117(10), C.R.S. (1984 Cum. Supp.) provides that the board need only give its reasons for concluding that the hearing officer's findings are not supported by the record if it dismisses the teacher over the hearing officer's recommendation of retention. The board failed to follow this procedure in concluding that dismissal could also be grounded on other good and just cause; therefore, we limit our review to the dismissal based upon immorality.

The standard of review that we must apply to final agency actions of the board is set forth in § 24–4–106(7). If the finding of immorality is supported by substantial evidence, we may not set aside the board's action and substitute our own. *Ricci v. Davis*, 627 P.2d 1111 (Colo.1981).

Conversely, if the ultimate finding is not supported by substantial evidence, the finding must be set aside as contrary to law. *Lee v. State Board of Dental Examiners*, 654 P.2d 839 (Colo.1982); *Lassner v. Civil Service Commission*, 177 Colo. 257, 493 P.2d 1087 (1972).

■ We conclude, as a matter of law, that the words, "I know you are here for me, and I know you are here to see me," do not constitute substantial evidence of sexually provocative or exploitive conduct. *See Weissman v. Board of Education, supra; see also Rathburn v. Industrial Commission*, 39 Colo.App. 433, 566 P.2d 372 (1977) (substantial evidence defined). Accordingly, this matter must be remanded to the board for further proceedings. Upon re-

mand, the board shall proceed in accordance with § 22–63–117(10), and shall clearly state the grounds upon which its actions are based. *See deKoevend v. Board of Education*, 688 P.2d 219 (Colo.1984).

Madril's allegations of procedural and discovery errors are without merit. Further, since not raised in this review, we do not address whether a hearing officer may recommend retention subject to the board's power to subject the retained teacher to a suspension.

The order of dismissal is set aside, and the matter is remanded to the board for further proceedings consistent with the holding herein.

BERMAN and METZGER, JJ., concur.