Paul G. SALLE, Plaintiff–Appellee, Cross–Appellant,

v.

William B. HOWE, d/b/a Green Mountain Cemetery, Defendant–Appellant, Cross–Appellee.

No. 85CA1685.

Colorado Court of Appeals, Div. II.

April 7, 1988.

Rehearing Denied May 26, 1988.

Lee Jay Belstock, Denver, for plaintiff-appellee, cross-appellant.

Carl F. Manthei, P.C., Carl F. Manthei, Boulder, for defendant-appellant, cross-appellee.

SMITH, Judge.

The issue presented by this appeal is whether the trial court erred when, in an action to set aside a default judgment, it required defendant to establish, by clear and convincing evidence, the validity of his contention that he had personally not been served with process. We affirm.

Our supreme court twice has addressed personally the issue of the burden of proof applicable in proceedings to set aside a default judgment. In *Craig v. Rider*, 651 P.2d 397 (Colo.1982) the court, citing prior case law, held that the party seeking such relief has the burden of establishing the grounds by "clear, strong and satisfactory proof." This is tantamount to the "clear and convincing evidence" test applied in the instant case. More recently, in *Buckmiller v. Safeway Stores, Inc.*, 727 P.2d 1112 (Colo.1986) the court reiterated that the burden is on the movant to establish the grounds for such relief by clear, strong and satisfactory proof. In neither case did the court refer to the 1972 statutory enactment which provides that, notwithstanding any provision of the law to the contrary, the burden of proof in any civil action shall be by a preponderance of the evidence. Section 13–25–127(1), C.R.S. (1987 Repl. Vol. 6A).

Under such circumstances, we presume that, by applying the clear and convincing standard of proof in both *Craig* and *Buckmiller* subsequent to the enactment of § 13–25–127(1), our supreme court was cognizant of that statute, but specifically chose to maintain as a matter of procedure, the higher quantum of proof, developed at common law, in proceedings to set aside default judgments.

Accordingly, the judgment of the trial court is affirmed.

BABCOCK and PLANK, JJ., concur.