Robert E. GERNER, Petitioner,

v.

Michael W. SULLIVAN, Jamie K. Mohr–Sullivan, Jerry R. Simmons, Kathryn A. Foley and Darleen S. Edgerton, Respondents.

No. 87SC294.

Supreme Court of Colorado,
En Banc.

Feb. 13, 1989.

Michael D. Boster, Robinson & Scheurer, P.C., Lakewood, for petitioner.

Susan V. Martin, Marjorie Ett, Silver and Hayes, Denver, for respondents Michael W. Sullivan and Jamie K. Mohr-Sullivan.

Alan E. Karsh, Karsh & Fulton, P.C., Denver, for respondents Jerry R. Simmons, Kathryn R. Foley & Darleen S. Edgerton.

MULLARKEY, Justice.

In this quiet title action, Robert E. Gerner sought to obtain title to a disputed parcel of land by proving adverse possession. The trial court held against Gerner, stating that he had failed to establish the elements of adverse possession by clear and convincing evidence. On appeal, Gerner challenges the trial court's holding on the basis that section 13-25-127(1), 6A C.R.S. (1987) provides that the "preponderance of evidence" standard is the proper burden of proof to be applied in civil actions. We accepted certiorari pursuant to C.A.R. 50(a)(1) and now conclude that the applicable standard to prove the elements of adverse possession is by preponderance of the evidence.

### I.

The disputed land is located in the Rilliet Park Subdivision in Jefferson County, a subdivision which was platted in the 1920s. Gerner purchased a lot in the subdivision in 1974 from William Newmeyer who had owned the lot since the 1940s and who had constructed fences on the south and west sides of the lot at an unspecified time after 1959. The lot is approximately one acre in size and has been used by both Newmeyer and Gerner as a vacation home. Gerner claimed that the fences constructed by Newmeyer were boundary fences and that he and Newmeyer had adversely possessed a triangularly shaped parcel in the corner connected by the two fences. Neither Newmeyer nor Gerner had the lot surveyed.

Record title to the disputed parcel is held separately by the owners of the two subdivision lots which adjoin the southwest corner of Gerner's lot: Michael W. Sullivan and Jamie K. Mohr-Sullivan; and Jerry R. Simmons and Kathryn Foley. All four were named as defendants in this action. The trial court found that, beginning in 1980, these defendants and their agents removed parts of Gerner's fence and rebuilt the fences at different locations. Although not expressly found by the trial court, it appears that the new fences were located on boundaries determined by land surveys conducted for the defendants and that the new fences intruded on the parcel which Gerner claimed. In 1984, the Sullivans excavated part of the disputed land to construct a leachfield. Gerner protested the actions taken by his neighbors on the disputed property and eventually he filed this lawsuit in 1985 asserting adverse possession.

Upon review of the testimony and evidence, the trial court held that Gerner had failed to prove the elements of adverse possession by clear and convincing evidence. Judgment was entered in favor of the defendants, holding that they were the legal owners of the respective disputed parcels of property. We granted certiorari to determine the burden of proof in an adverse possession action.

### II.

In this case, we are faced with a conflict between a statute which generally establishes the "preponderance" of the evidence as the burden of proof in civil cases and one of our appellate decisions which adopted the "clear and convincing" evidence as the applicable burden of proof in adverse possession cases. The statute, which was enacted by the General Assembly in 1972 and now is codified as section 13-25-127(1), 6A C.R.S. (1987), provides:

Any provision of the law to the contrary notwithstanding and except as provided in subsections (2) and (3) of this section, the burden of proof in any civil action

shall be by a preponderance of the evidence. The provisions of this subsection (1) shall not apply to the burden of proof required in determining the validity of any legislative enactment.

There is no contrary provision of the law to be considered here and neither subsection (2) nor subsection (3) is relevant to this case.[1] The statute became effective July 1, 1972, and applies only to civil actions which accrue on or after that date. Ch. 57, sec. 2, § 52–1–28, 1972 Colo.Sess.Laws 317, 318.

In determining that the applicable burden of proof in this case was "clear and convincing" evidence, the trial court relied on *Dzuris v. Kucharik,* 164 Colo. 278, 282, 434 P.2d 414, 416 (1967), which states:

> It is fundamental that to prove adverse possession the one claiming it must clearly show not only that his possession was actual, adverse, hostile and under claim of right, but that it has also been exclusive and uninterrupted for the statutory period.

In 1983, we followed the "clear and convincing" standard in *Raftopoulos v. Monger,* 656 P.2d 1308, 1311 (Colo.1983), where we said:

> One claiming title by adverse possession has the burden of proving his claim by clear and convincing evidence. *See Howey v. Eshe,* 168 Colo. 568, 574, 452 P.2d 393, 396 (1969); *Board of County Commissioners of Ouray County v. Madsen,* 153 Colo. 247, 385 P.2d 601 (1963); *Evans v. Welch,* 29 Colo. 355, 68 P. 776 (1902).

Although the complaint in *Raftopoulos* was filed in 1979, long after the effective date of section 13–25–127(1), the statute was not discussed or cited in the opinion. As the quotation above indicates, the relevant cases cited in *Raftopoulos* pre-dated the effective date of the statute. We decided to review the present case pursuant to C.A.R. 50(a)(1) because the court of appeals

has construed *Raftopoulos* as overriding the statutory standard and establishing "clear and convincing" evidence as the burden of proof in adverse possession cases. For example, in deciding *Auslaender v. MacMillan,* 696 P.2d 836, 837 (Colo.Ct.App. 1984), the court stated:

> Notwithstanding the provisions of § 13–25–127(1), C.R.S., the clear and convincing standard of proof applies in cases involving adverse possession, and thus, by inference, in cases involving prescriptive easements. *See Raftopoulos v. Monger,* 656 P.2d 1308 (Colo.1983).

Although we have not previously addressed the effect of section 13–25–127(1) on adverse possession cases, there is a significant body of appellate case law interpreting the statute in other contexts. Prior to considering the parties' arguments, we will review those decisions.

In certain cases, section 13–25–127(1) has been given effect by lowering the prior standard of proof from "clear and convincing" to a "preponderance" of the evidence. *See, e.g., Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979) (establishment of an equitable trust). In other civil cases where a "clear and convincing" standard was used after enactment of the statute, the court noted that the action accrued prior to the effective date of the legislation and that, if it had accrued after July 1, 1972, the "preponderance" standard would have been used. *See Sherman Agency v. Carey,* 195 Colo. 277, 577 P.2d 759 (1978) (entitlement to real estate sale commission); *Security Nat'l Bank v. Peters, Writer & Christensen, Inc.,* 39 Colo.App. 344, 569 P.2d 875 (1977) (establishing elements of fraud).

The statute has been interpreted as establishing the "preponderance" standard in several types of civil actions. *See Water Rights of Masters Inv. Co., Inc. v. Irrigationists Ass'n,* 702 P.2d 268 (Colo.1985)

---

1. Subsection (2) provides:

   Exemplary damages against the party against whom the claim is asserted shall only be awarded in a civil action when the party asserting the claim proves beyond a reasonable doubt the commission of a wrong under the circumstances set forth in section 13–21–102.

   Subsection (3) provides:

   Execution against the body of a party against whom the claim is asserted shall be awarded only when the party asserting the claim proves beyond a reasonable doubt the commission of a tort under the circumstances set forth in section 13–59–103.

(determining intent to abandon water rights); *Madril v. School District No. 11,* 710 P.2d 1 (Colo.Ct.App.1985) (dismissal action under teacher tenure act); *Honeywell Information Sys., Inc. v. Board of Assessment Appeals,* 654 P.2d 337 (Colo.Ct.App. 1982) (challenging property tax assessment); *Silver Core Mining Co. v. DeBell,* 42 Colo.App. 169, 595 P.2d 269 (1979) (establishment of mining claim).

Only when there is a constitutional concern have we declined to follow the requirements of section 13–25–127(1). In *Diversified Management, Inc. v. Denver Post, Inc.,* 653 P.2d 1103, 1108 (Colo.1982), we stated that "[u]nless the clear-and-convincing standard is constitutionally required, [section 13–25–127(1)] would require that the preponderance standard be applied." Because the constitutional issue of freedom of speech in a defamation action was present in *Diversified Management* we concluded that a "clear and convincing" standard superseded the "preponderance" standard pursuant to section 13–25–127(1). *See also Manuel v. Fort Collins Newspapers, Inc.,* 42 Colo.App. 324, 599 P.2d 931 (1979), *rev'd on other grounds* 631 P.2d 1114 (Colo.1981) (public official or public figure must prove by clear and convincing evidence that false and defamatory statement of fact was published). In proceedings involving termination of a parent-child relationship, the appropriate standard of proof is "clear and convincing" evidence because of the fundamental liberty interest of natural parents in the care, custody and management of their children. *People in Interest of A.M.D.,* 648 P.2d 625, 631 (Colo. 1982) (per curiam).[2] *See also Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982).

### III.

### A.

The defendants in the case now before us contend that, in adverse possession cases, the standard of proof of "clear and convinc-

ing" evidence has become an established principle controlling "private rights and distributive justice" in Colorado and elsewhere. We recognize that many states require a higher burden of proof than the "preponderance" of evidence in cases of adverse possession. *See, e.g., Swanson v. State of Idaho,* 83 Idaho 126, 358 P.2d 387 (1960) (clear and satisfactory proof); *Klingel v. Kehrer,* 81 Ill.App.3d 431, 36 Ill.Dec. 719, 401 N.E.2d 560 (1980) (clear and unequivocal evidence); *Fry v. Woodward,* 221 Or. 39, 350 P.2d 183 (1960) (clear and positive proof); *Taylor v. Tripp,* 330 N.W.2d 542 (S.D.1983) (clear and convincing evidence). However, these cases are not persuasive because we have been directed to no comparable case in another state where the court has either overturned or upheld a legislature's attempt to enact a different standard of proof in an adverse possession case.

Our own cases articulate various standards of proof to determine the elements of adverse possession and those standards are not always equivalent to that of "clear and convincing" evidence. *See, e.g., Raftopoulos,* 656 P.2d at 1311 (clear and convincing evidence); *Dzuris,* 164 Colo. at 282, 434 P.2d at 416 (evidence "must clearly show"); *Segelke v. Atkins,* 144 Colo. 558, 560, 357 P.2d 636, 638 (1960) (competent and adequate evidence); *Haymaker v. Windsor Reservoir & Canal Co.,* 81 Colo. 168, 175, 254 P. 768, 771 (1927) (no standard specified other than evidence "utterly fails" to show required possession); *Evans v. Welch,* 29 Colo. 355, 364, 68 P. 776, 779 (1902) (clear and satisfactory evidence). The statute before us was enacted to create some uniformity concerning the burden of proof in civil cases, to minimize the exceptions to the general application of the "preponderance" standard, and to eliminate the often arcane and difficult distinctions drawn among the various burdens of proof. Our adverse possession cases may serve to illustrate the variations and inconsistencies

---

**2.** Although a clear and convincing standard of proof is required for termination of parental rights, a preponderance of evidence burden is permissible for a determination of a decree of dependency or neglect which serves as a predicate for the termination of parental rights. *A.M.D.,* 648 P.2d at 635.

which the statute was designed to address. Hence, the supposedly settled state of our case law on adverse possession should not deter the operation of the statute and we must apply the statute unless its operation adversely affects the litigants' constitutional rights.

### B.

■ In addition to urging us not to upset settled law, the defendants argue that the due process clause of the Colorado Constitution, article II, section 15, requires a higher burden of proof in an adverse possession action because a successful adverse possession claim will result in the lawful owner of the property being divested of the property without compensation. In support of this argument, the defendants rely solely on *People ex rel. Juhan v. District Court*, 165 Colo. 253, 439 P.2d 741 (1968), in which we held that a criminal statute violated the state due process clause. The statute in question required a criminal defendant who pleaded not guilty by reason of insanity to prove by a preponderance of the evidence that he was insane when the crime was committed. Prior law had placed the burden in an insanity plea on the prosecution to prove that the defendant was sane beyond a reasonable doubt. Our decision did not turn on the measure of the burden of proof but rather on the court's concern that placing *any* burden to prove insanity on the defendant would violate "fundamental principles of criminal justice" including, specifically, the prosecution's burden of proving the material elements of the crime beyond a reasonable doubt. *Id.* at 262, 439 P.2d at 746–47.

The *District Court* case is distinguishable from the instant case because we are not persuaded that any analogous constitutional concerns exist which would require that adverse possession actions be excepted from section 13–25–127(1). The defendants make a passing reference to the Colorado Constitution, article II, section 14, to support their theory that adverse possession constitutes a taking in the constitutional sense. An adverse possession statute, however, is not properly characterized as a taking without compensation. As is clear from its text, adverse possession is a statute of limitation which bars an action for recovery of property which has been adversely held by another for more than eighteen years. Section 38–41–101(1), 16A C.R.S. (1982), provides:

> No person shall commence or maintain an action for the recovery of the title or possession or to enforce or establish any right or interest of or to real property or make an entry thereon unless commenced within eighteen years after the right to bring such action or make such entry has first accrued or within eighteen years after he or those from, by, or under whom he claims have been seized or possessed of the premises. Eighteen years adverse possession of any land shall be conclusive evidence of absolute ownership.

In a similar context, the United States Supreme Court rejected a "taking" argument and upheld the power of a state to condition the retention of a property right upon the performance of an act within a limited period of time. *Texaco, Inc. v. Short*, 454 U.S. 516, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982). Under the state's mineral lapse act, failure of the title holder to perform in a timely manner can result in abandonment of the interest in fee. *Id.* at 529, 102 S.Ct. at 792. The Court held that the act did not accomplish a taking and did not violate due process requirements when an interest in mineral rights was extinguished. It stated:

> In ruling that private property may be deemed to be abandoned and to lapse upon the failure of its owner to take reasonable actions imposed by law, this Court has never required the State to compensate the owner for the consequences of his own neglect. We have concluded that the State may treat a mineral interest that has not been used for 20 years and for which no statement of claim has been filed as abandoned; it follows that, after abandonment, the former owner retains no interest for which he may claim compensation. It is the owner's failure to make any use of the property—and not the action of the State

—that causes the lapse of the property right; *there is no "taking" that requires* compensation.

*Id.* at 530, 102 S.Ct. at 792–93. (Emphasis added.) In *Mishek v. Stanton,* 200 Colo. 514, 518, 616 P.2d 135, 138 (1980), we held that statutes of limitation do not violate constitutional due process where the time allowed within which to bring a suit is reasonable and does not amount to a denial of justice.

In summary, the broad language of section 13–25–127(1) was intended by the legislature to apply to all civil actions with certain exceptions which are not relevant. The operation of the adverse possession statute in Colorado does not raise any constitutional concerns which would be abridged by the application of section 13–25–127(1). Accordingly, the correct standard of proof in adverse possession cases is by a "preponderance" of the evidence in compliance with section 13–25–127(1). We conclude that *Raftopoulos v. Monger,* 656 P.2d 1308, was wrongly decided on the point at issue here and we overrule it to that extent.

The judgment of the trial court is reversed and the case is remanded to that court for further proceedings consistent with this opinion.