**WHITE FRONT AUTO SALES, INC.,**
**Plaintiff–Appellee,**

v.

**Christopher MYGATT,**
**Defendant–Appellant.**

**No. 89CA1378.**

Colorado Court of Appeals,
Div. III.

Nov. 8, 1990.

Haligman and Lottner, P.C., Bradley A. Friedman, Englewood, for plaintiff-appellee.

Geil and Waitkus, P.C., Philip D. Geil, Boulder, for defendant-appellant.

Opinion by Judge DUBOFSKY.

Defendant, Christopher Mygatt, appeals from an order denying his motion to set aside, vacate, and stay a foreign judgment. We reverse.

Plaintiff, White Front Auto Sales, Inc., obtained a default judgment against defendant in California and subsequently filed that judgment in the Boulder County District Court. Defendant filed a motion to set aside the default judgment on the ground that he had not been validly served with process. After a hearing, the trial court denied the motion on the basis that defendant had failed to establish by clear and convincing evidence that he had not been personally served.

We note that since the motion to set aside arose after the judgment was entered the burden to prove a lack of jurisdiction because of inadequate service of process is on the party challenging the service of process and resulting lack of jurisdiction. See *Denman v. Great Western Railway Co.*, 811 P.2d 415 (Colo.App.1990). The issue here is what is the quantum of evidence that is necessary for defendant to prove no personal service and resulting lack of jurisdiction.

Defendant contends that, in ruling on whether there had been service of process, the trial court erred by applying the "clear and convincing" standard rather than the "preponderance of the evidence test" in § 13–25–127(1), C.R.S. (1987 Repl.Vol. 6A). We agree.

Section 13–25–127(1) states in relevant part:

"Any provision of the law to the contrary notwithstanding and except as provided in subsections (2) and (3) of this section, the burden of proof in *any civil action* shall be by a preponderance of the evidence." (emphasis added)

As a threshold matter, we interpret a motion to set aside a default judgment as being a "civil action" under § 13–25–127(1).

Plaintiff argues that *Salle v. Howe,* 757 P.2d 154 (Colo.App.1988) is dispositive of this issue. *Salle v. Howe* does hold that the burden of proof of a party attempting to set aside a default judgment is by "clear and convincing evidence." However, because of a subsequent ruling by our supreme court, we do not follow the *Salle* ruling here.

In arriving at its ruling, the *Salle* court noted that subsequent to the enactment of § 13–25–127(1), the supreme court in *Craig v. Rider,* 651 P.2d 397 (Colo.1982) and *Buckmiller v. Safeway Stores, Inc.,* 727 P.2d 1112 (Colo.1986) had determined that the clear and convincing standard should be applied in determining if a default judgment should be set aside. Accordingly, it stated:

"[W]e presume that, by applying the clear and convincing standard of proof in both *Craig* and *Buckmiller* subsequent to the enactment of § 13–25–127(1), our supreme court was cognizant of that statute, but specifically chose to maintain as a matter of procedure, the higher quantum of proof, developed at common law, in proceedings to set aside default judgments."

Given the precedents of *Craig* and *Buckmiller* at the time of the *Salle* case, this court was obligated to rule as it did.

However, in *Gerner v. Sullivan,* 768 P.2d 701 (Colo.1989), our supreme court established the principle that, unless constitutional concerns are present, the preponderance of the evidence standard applies to any civil action, except those specified in § 13–25–127.

In *Gerner,* an adverse possession case, the court noted that subsequent to the enactment of § 13–25–127(1), it had decided *Raftopoulos v. Monger,* 656 P.2d 1308

(Colo.1983), in which it followed the clear and convincing standard, and it concluded that case had been wrongly decided as to the burden of proof question and specifically overruled it on that issue. In arriving at its ruling in *Gerner,* the court stated:

"The statute before us [§ 13–25–127] was enacted to create some uniformity concerning the burden of proof in civil cases, to minimize the exceptions to the general application of the 'preponderance' standard, and to eliminate the often arcane and difficult distinctions drawn among the various burdens of proof. Our adverse possession cases may serve to illustrate the variations and inconsistencies which the statute was designed to address. Hence, the supposedly settled state of our case law on adverse possession should not deter the operation of the statute and we must apply the statute unless its operation adversely affects the litigants' constitutional rights."

Hence, *Gerner* indicates that the statute is to be given broad application, even in the face of conflicting authority.

*Gerner* is also instructive because it implicitly indicates that if the preponderance of the evidence standard of § 13–25–127(1) was not explicitly placed in issue before the supreme court, then we should not necessarily assume the statute was considered by the court. On this basis, we interpret the decisions in *Craig* and *Buckmiller* as not being determinative of the standard of proof to be applied in setting aside a default judgment.

Because of the *Gerner* holding, we conclude that the preponderance of evidence test should have been applied here.

The trial court's order is reversed, and the cause is remanded with directions to consider and rule on defendant's motion by application of the preponderance of the evidence standard.

TURSI and NEY, JJ., concur.