BRISCOE, Circuit Judge,
dissenting:
I respectfully dissent. In Department of Revenue of Oregon v. ACF Industries, 510 U.S. 332, 114 S.Ct. 843, 127 L.Ed.2d 165 (1994), the Supreme Court described a narrow set of facts under which railroads might successfully challenge state tax exemptions pursuant to § 306(l)(d) of the 4r-R Act (codified at 49 U.S.C. § 11503(b)(4)). Specifically, the Court noted that if a case were to arise “in which the railroads — either alone or as part of some isolated and targeted group— are the only commercial entities subject to an ad valorem property tax[,] ... one could say that the State had singled out railroad property for discriminatory treatment.” Id. at 346, 114 S.Ct. at 851.
*1418 In challenging the State of Colorado’s assessment of property taxes on its computer software, plaintiff claims the facts of this case are precisely those described in ACF. Although the majority agrees with plaintiff, I conclude plaintiff has failed to satisfy its burden of proof under the 4-R Act.
In tax discrimination suits filed under the 4-R Act, “[t]he burden of proof ... is governed by State law.” 49 U.S.C. § 11501(e). In this case, Colorado law provides that “the burden of proof in any civil action shall be by preponderance of the evidence.” Colo.Rev. Stat. § 13-25-127(1) (1995); see generally Gerner v. Sullivan, 768 P.2d 701, 703-04 (Colo.1989) (en banc) (discussing the burden of proof requirements of § 13-25-127(1)). Thus, plaintiff has the burden of proving, by a preponderance of the evidence, that the tax scheme at issue violated § 306(l)(d) of the 4-R Act. More specifically, plaintiff must demonstrate, by a preponderance of the evidence, that the challenged tax scheme “single[s] out” railroads, “either alone or as part of some isolated and targeted group.” ACF, 510 U.S. at 347, 114 S.Ct. at 851.
Under the challenged tax scheme, the exemption for intangible personal property generally afforded to Colorado taxpayers does not apply to public utilities, see Colo. Rev.Stat. § 39-22-611 (1995), which are defined under Colorado law to include any entity doing business “as a railroad company, airline company, electric company, rural electric company, telephone company, telegraph company, gas company, gas pipeline carrier company, domestic water company selling at retail except nonprofit domestic water companies, pipeline company, coal slurry pipeline, or private car line company.” Colo.Rev. Stat. § 39 — 4-101(3) (1995). Since railroads are not singled out alone by the tax scheme but are included in the group defined as “public utilities,” plaintiff must demonstrate this group of entities is “isolated and targeted” as described by the Supreme Court in ACF.
Although ACF does not specifically indicate what type of proof plaintiff must present to make this showing, other circuits have developed helpful guideposts. In referring to an “isolated and targeted group,” ACF cites the Seventh Circuit opinion in Burlington Northern R. Co. v. City of Superior, 932 F.2d 1185 (7th Cir.1991) (Superior). In Superior, the State of Wisconsin enacted a statute empowering municipalities to levy an occupational tax on the owners and operators of “iron ore concentrates docks.” 932 F.2d at 1186. Notably, there were only three such docks in the state, all in the city of Superior, and all operated by Burlington Northern. In a challenge brought under the <4-R Act, the Seventh Circuit concluded that, in light of § 306(l)(d), the states are “confined to taxing railroads as members of larger taxpayer groups — owners of commercial or industrial property, recipients of gross income, recipients of net income, whatever.” Id. at 1188. Because the challenged tax affected only railroads, the Seventh Circuit concluded it was in violation of subsection (l)(d). In dicta, the court also briefly discussed the implications of a tax levied upon railroads as part of a larger group:
Another difficult question that we need not decide today is how the judicial inquiry should be structured if the tax is imposed on an activity in which railroads are not the sole, but are the principal, actors. Suppose a tax of 5 cents per ton handled by all docks in the State of Wisconsin is levied, and railroads handle 85 percent of all the cargo handled by docks in Wisconsin. Trailer Train Co. v. Leuenberger, supra, 885 F.2d [415] at 418 [(8th Cir.1988)], holds, sensibly in our view, that the inclusion of some nonrail activities in a class of activities dominated by railroads does not immunize a tax from challenge under section 806. But what sort of proof the railroad must present and what rebuttals or defenses are available to the taxing authority are questions for another day.
Id. at 1188. (Emphasis added.)
In a more recent post-ACF challenge brought by a group of railroads (including plaintiff) against another Wisconsin tax scheme, the Seventh Circuit again touched upon the type of proof that might be necessary to demonstrate discrimination under § 306(l)(d). Burlington Northern R. Co. v. Wisconsin Dept. of Revenue, 59 F.3d 55 (7th Cir.1995) (Wisconsin). The Wisconsin court *1419 noted that, if a railroad claims it is singled out as part of a larger targeted group of industries, “one would presumably have to look at the percentage of the total tax levy falling on the targeted group in determining whether the tax was one of general application.” Id. at 58 n. 2.
Here, plaintiff presented one type of evidence to the district court in support of its claim of discrimination — affidavits concerning the amount of plaintiff’s alleged tax savings if its computer software was not subject to property tax assessment. In my opinion, this evidence is wholly insufficient to satisfy plaintiff’s burden of proof. Specifically, this evidence does not allow us to determine whether railroads “dominate” the class of entities deemed “public utilities” under the challenged tax scheme, or whether they are a small part of that class. Nor does it indicate whether the railroads’ share of the total tax on personal intangible property is dominant, or whether they pay a small percentage of the tax. Further, it does not indicate whether the class of “public utilities” under the scheme could be considered an “isolated” group when compared to the general class of commercial and industrial taxpayers in Colorado. Finally, it does not indicate whether the class of “public utilities” is made up of primarily “local” taxpayers, or whether the group contains primarily “foreign” taxpayers (such as the railroads). See Kansas City Southern Ry. Co. v. McNamara, 817 F.2d 368, 375 (5th Cir.1987) (“The only simple way to prevent tax discrimination against the railroads is to tie their tax fate to the fate of a large and local group of taxpayers” who “will have the political and economic power to protect itself against an unfair distribution of the tax burden.”).
The majority would relieve plaintiff of its burden of proof in this case because defendant argued it should prevail as a matter of law under ACF. The basis for this conclusion arises from the faulty premise that defendant had somehow conceded that defendant’s failure to grant plaintiff the property tax exemption was discriminatory, in violation of § 306(l)(d).
In holding that the challenged tax scheme violates the 4-R Act, the majority sidesteps the burden of proof problem based upon what it characterizes as “the unique procedural posture of this case.” Majority opinion at 1414. Specifically, the majority notes defendant filed a motion to dismiss the complaint but never filed an answer specifically denying the factual allegations in the complaint. According to the majority, “[b]y failing to submit an answer or other pleading denying the factual allegations of Plaintiffs complaint, Defendant admitted those allegations, thus placing no further burden upon Plaintiff to prove its case factually.” Id. at 1415. This conclusion is untenable. Under Fed. R. Civ. P. 12(a)(4), the filing of a motion to dismiss alters the time period for filing an answer to the complaint. In particular, an answer need not be filed until ten days after the district court “denies the motion [to dismiss] or postpones its disposition until the trial on the merits.” Fed. R.Civ.P. 12(a)(4)(A). Here, the district court denied defendant’s motion to dismiss at the same time it granted plaintiff’s motion for preliminary injunction. Thus, the case was completely resolved before the ten-day time period under 12(a)(4)(A) was triggered and defendant was under no obligation to file an answer to plaintiff’s complaint.
Further, it is apparent from reviewing the pleadings in this case, as well as the district court’s final order, that defendant denied the challenged tax scheme was discriminatory. For example, in its motion to dismiss, defendant specifically asserted that plaintiff’s “complaint fail[ed] to state a claim pursuant to 49 U.S.C. § 11503(b)(4) upon which relief can be granted.” R. at 20. In ruling on defendant’s motion to dismiss, the district court acknowledged defendant’s “failure to state a claim” argument and concluded it went “to the merits of the case.” Id. at 199. At no time did plaintiff assert, nor did the district court conclude, that defendant admitted the tax scheme was discriminatory.
Setting aside the erroneous conclusion that defendant admitted the allegations of plaintiff’s complaint, it is apparent that the majority’s ultimate conclusion in this case is unsupported by the record. The majority’s conclusion that the group of “public entities” *1420 is an “isolated and targeted group” is at best an assumption. Not only does this assumption provide a windfall to plaintiff, it effectively, in my opinion, broadens the narrow exception left open by the Supreme Court in ACF. Under the majority opinion, a railroad can now arguably prevail under § 306(l)(d) by demonstrating simply that a challenged tax scheme affects a group of public entities, of which railroads are a part.
For these reasons, I would reverse the decision of the district court and remand for entry of judgment in favor of defendant.[4]

. In footnote 2 of the majority opinion, it is suggested that "even if Defendant had required Plaintiff to meet its burden of proof, the most that can be said is Plaintiff has not proven its case as a matter of law," and should therefore he allowed to engage in discovery and prove its case as a matter of fact. I wholly disagree. Plaintiff willingly chose to forego discovery in this case and instead requested the district court to rule on its complaint as a matter of law. Because the facts provided by plaintiff were insufficient to satisfy plaintiff's burden of proof, the matter must be resolved in favor of defendant, and plaintiff should not be allowed a "second bite at the apple.”